RICHARD L. HOLMES, Retired Appellate Judge.
William A. Harris was employed by the State Department of Corrections (Corrections). On November 19, 1993, Harris was terminated from his employment with Corrections because in a random drug screening conducted October 7, 1993, he tested positive for marijuana use.
Harris applied for unemployment compensation benefits. An examiner for the Department of Industrial Relations (Industrial Relations) determined that Harris was disqualified from receiving unemployment compensation benefits because he was “discharged or removed from [his] work with [Corrections] for testing positive for an illegal substance while working in a correctional facility, which constitutes an act endangering the safety of others committed in connection with [his] work.” See Ala.Code 1975, § 25-4-78(3)a.
Harris filed an appeal to the appeals referee. The appeals referee held a hearing and affirmed the decision reached by the examiner for Industrial Relations. Harris filed an application for leave to appeal to the Board of Appeals, which was denied.
Harris appealed the decision of the Board of Appeals to the circuit court, pursuant to Ala.Code 1975, § 25-4-95. Such an “appeal” is for a trial de novo. Davis v. Dep’t. of Industrial Relations, 465 So.2d 1140 (Ala.Civ.App.1984); State Dep’t. of Industrial Relations v. Page, 362 So.2d 263 (Ala.Civ.App.1978).
The circuit court held a trial de novo on August 9,1994. Thereafter, the circuit court issued an order, wherein it found that, in light of the evidence presented at the trial de novo, Harris was eligible for, and not disqualified from receiving, unemployment compensation benefits.
Corrections appeals.
The dispositive issue is whether the trial court committed reversible error when it determined that Harris was entitled to receive unemployment compensation benefits.
*896 We recognize that because Harris is the claimant, he has the burden of proving his eligibility for unemployment compensation benefits. Security Engineers, Inc. v. Dep’t. of Industrial Relations, 414 So.2d 975 (Ala.Civ.App.1982). It is well settled in an unemployment compensation case that when the trial court, sitting without a jury, hears the evidence presented ore tenus, its findings are presumed correct and will not be disturbed on appeal unless it appears that the findings are clearly adverse to the great weight of the evidence. State Dep’t. of Corrections v. Stokes, 558 So.2d 955 (Ala.Civ.App.1990).
Our review of the record reveals that the following occurred at the trial de novo: Harris appeared pro se. Also present at the trial were Wayne Causey, an attorney representing Industrial Relations; Lynn Harrel-son, a warden at Kilby Correctional Center, which is where Harris worked at the time he was terminated; a “Mr. Dennis,” who actually did the drug screening test on the urine sample; Captain McDonald, who works at Kilby Correctional Center; and Juan Angelo Sanders, who was an inmate at Kilby Correctional Center on October 7, 1993.
At the trial Harris admitted that he tested positive for marijuana use. Consequently, the issue presented to the trial court was not whether Harris tested positive for marijuana use, but how did the marijuana get into his system on October 7, 1993?
Harris presented to the trial court his version of the events of October 7, 1993. Harris contends that an inmate by the name of Murphy “doctored” the coffee that he consumed the morning of October 7, 1993, prior to undergoing the random drug screening. Harris testified that Murphy had access to the coffee that Harris claims was “doctored,” and neither Industrial Relations nor Corrections presented any evidence to dispute this testimony. In fact, both Harrelson and McDonald admitted that they could not dispute that Murphy had access to the coffee because inmates make the coffee all the time and that Murphy probably was the inmate who made the coffee for the first shift. We would note that Murphy did not testify at the trial.
Harris testified that when he returned to his post after giving the urine sample, one of the inmates said to him, “Mr. Harris, I didn’t know you used marijuana.” Harris stated that when he questioned the inmate regarding who had made that statement to him, the inmate replied that Murphy had told him that Harris used marijuana. Harris testified that this conversation occurred shortly after 10:30 a.m., which was before the results of the random drug screening were available.
The inmate who made the statement to Harris was Sanders, who testified at the trial de novo. In his testimony, Sanders recalled that Murphy told him that Harris had been using marijuana and that he told Harris what Murphy had told him. Sanders testified that while he remembered the conversation, he did not remember what day it took place.
In light of the fact that neither Industrial Relations nor Corrections presented any evidence at the trial de novo to contradict Harris’s version of why he tested positive for marijuana use on October 7, 1993, we cannot find that the trial court committed reversible error when it determined that Harris was eligible for, and not disqualified from receiving, unemployment compensation benefits. In fact, the learned and distinguished trial judge had little opportunity to rule otherwise.
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the Judges concur.