On Application for Rehearing
The opinion of June 29, 2001, is withdrawn, and the following is substituted therefor.
The petitioners, MedPartners, Inc., and MedPartners Acquisition Corporation (together hereinafter referred to as "MedPartners"), are defendants and third-party plaintiffs in an action below. They petition this Court for a writ of mandamus directing the Jefferson Circuit Court to vacate its order severing the third-party complaint MedPartners filed against Dr. H. Leslie Fowler and Fowler Sports Medicine and Orthopaedics, P.C. (hereinafter "Fowler Sports Medicine"), and transferring that third-party action from Jefferson County to Tuscaloosa County. MedPartners' third-party action seeks to indemnify MedPartners for damage HealthSouth claims it suffered by MedPartners' failure to lease the *Page 818 
space in a building Falcon Management Company was going to build. MedPartners claims that its failure to lease the space was the result of actions by Dr. Fowler and Fowler Sports Medicine.
 Standard of Review
Mandamus is a drastic and extraordinary writ to be issued only where "(1) there is a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Integon Corp.,672 So.2d 497, 499 (Ala. 1995). When this Court considers a petition for a writ of mandamus relating to a venue ruling, this Court's "scope of review is to determine if the trial court abused its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner." Id. Additionally, "[o]ur review is further limited to those facts that were before the trial court. Ex parte National Sec. Ins. Co., 727 So.2d [789, 789 (Ala. 1999)]; Ex parte American Resources Ins. Co.,663 So.2d 932, 936 (Ala. 1995)." Ex parte Alabama Great SouthernR.R., 788 So.2d 886, 888 (Ala. 2000).
 Facts
MedPartners, Inc., is a Delaware corporation with its principal place of business in Jefferson County. MedPartners, Inc., merged with MedPartners of Alabama, Inc., to form MedPartners Acquisition Corporation. MedPartners Acquisition Corporation is also a Delaware corporation whose principal place of business is in Jefferson County. MedPartners, Inc., was engaged in the business of managing medical clinics and providing management services to physicians and physician-practice groups.
Fowler Sports Medicine is an Alabama professional corporation that operates a medical facility in Tuscaloosa. From May 27, 1994, to April 28, 1998, the "operational affairs" of Fowler Sports Medicine were conducted in Jefferson County, pursuant to a contract with MedPartners. Dr. Fowler is a physician licensed to practice medicine in Alabama. At times material to the complaint in this case, Dr. Fowler resided in both Tuscaloosa County and Jefferson County, splitting his time between a residence owned by him and one owned by his wife.
HealthSouth Corporation's corporate headquarters and principal place of business are in Jefferson County. HealthSouth provides outpatient-surgery services and injury-rehabilitation services.
On May 27, 1994, MedPartners, Fowler Sports Medicine, and Dr. Fowler entered into a series of agreements, including an "Agreement to Purchase Assets" (hereinafter "the Purchase Agreement") and a "Clinic Service Agreement" (hereinafter "the CSA"). The Purchase Agreement provided that MedPartners would purchase the physical facilities and the accounts receivable of Fowler Sports Medicine. MedPartners paid Fowler Sports $254,550 for the then existing accounts receivable and $396,869 for the furnishings, equipment, and inventory of Fowler Sports Medicine. MedPartners also assumed certain liabilities of Fowler Sports Medicine. Pursuant to the CSA, MedPartners would provide practice-management services, facilities, personnel, equipment, and supplies and perform the billing and collection work from its principal place of business in Jefferson County. In return, Dr. Fowler and Fowler Sports Medicine were to provide medical services to patients for a fee. Shortly after the Purchase Agreement and the CSA were executed, HealthSouth, MedPartners, and *Page 819 
MCF, Inc.,[1] entered into a "Development and Consulting Agreement."
During the course of negotiating the agreements between MedPartners, Dr. Fowler, and Fowler Sports Medicine and after those agreements were executed, there were discussions among Dr. Fowler, HealthSouth, MedPartners, and Falcon Management Company, a construction company, regarding the development of a medical-office building that Falcon Management Company would build. The parties contemplated that HealthSouth would lease a part of the building for rehabilitation services and that MedPartners would lease a part of the building to be used by Fowler Sports Medicine as clinic facilities. HealthSouth alleges that in an effort to further these negotiations, it took certain actions it now claims caused it to suffer economic loss. In the action in the trial court it claims damages from MedPartners based on an alleged breach of contract and indemnity as a third-party beneficiary. Pursuant to the CSA, MedPartners, Dr. Fowler, and Fowler Sports Medicine agreed that all revenues collected from the operations of Fowler Sports Medicine would be deposited into a bank account at AmSouth Bank, N.A., in Jefferson County, in the name of MedPartners. Fowler Sports Medicine was to receive from these deposits an amount equal to 78% of the net revenues. In exchange, Fowler Sports Medicine irrevocably assigned to MedPartners its rights to receive payment for medical services relating to "pre-termination accounts receivable." Fowler Sports Medicine was to endorse to the order of MedPartners any payments received for such services.
MedPartners alleges that from approximately January 1, 1998, until March 12, 1998, Dr. Fowler and/or Fowler Sports Medicine, acting either independently or in concert, misappropriated an unknown amount of money by converting funds directed to the MedPartners account at AmSouth Bank's branch office located a 720 39th Street North, Birmingham. Those funds were to be deposited to MedPartners' account pursuant to the CSA agreement. Instead, MedPartners says, Dr. Fowler and/or Fowler Sports Medicine converted the accounts receivable to their own use by intentionally failing to enter charges into the computerized billing service of MedPartners, thereby allowing Fowler Sports Medicine and/or Dr. Fowler to collect revenues of Fowler Sports Medicine.
On March 10, 1998, MedPartners wrote Fowler Sports Medicine and Dr. Fowler, demanding that they repay the funds MedPartners says were misappropriated. Neither Fowler Sports Medicine nor Dr. Fowler made any effort to repay. As a result, MedPartners terminated the CSA on April 28, 1998. Since the CSA was terminated, Fowler Sports Medicine has allegedly retained assets identified in the Purchase Agreement as being purchased by MedPartners and converted those assets to its own use by failing to exercise an option in that Agreement that allowed it to repurchase those assets.
On January 6, 1999, HealthSouth sued MedPartners in the Jefferson Circuit Court. HealthSouth's complaint alleges that MedPartners failed or refused to enter into an agreement pursuant to which it would lease space in the medical-office building; it further alleges that because of MedPartners' failure to lease, the building was never constructed.
On June 4, 1999, MedPartners filed a third-party complaint against Dr. Fowler and Fowler Sports Medicine, alleging that *Page 820 
its failure to enter into the lease agreement with HealthSouth was the result of what it says were improper acts committed by Fowler Sports Medicine and Dr. Fowler. MedPartners argues that the termination of the CSA with Dr. Fowler and Fowler Sports Medicine was proper, and it seeks indemnity in favor of MedPartners against Fowler Sports Medicine and Dr. Fowler from any claim by HealthSouth for damage it suffered as a result of the failure of the medical-office-building project. MedPartners' third-party complaint also alleges breach of contract, detinue, conspiracy, and conversion with respect to the accounts receivable that were allegedly diverted from MedPartners' account at AmSouth Bank.
On September 13, 1999, Dr. Fowler and Fowler Sports Medicine filed a motion to dismiss MedPartners' third-party complaint. Alternatively, Dr. Fowler and Fowler Sports Medicine sought to have the third-party action, or alternatively, the entire case, transferred to Tuscaloosa County. Dr. Fowler and Fowler Sports Medicine argued that venue as to the third-party action was improper in Jefferson County. On December 17, 1999, the trial court severed MedPartners' third-party action and ordered that action be transferred to Tuscaloosa County. The trial court's order stated, in pertinent part:
 "After having heard the parties in connection therewith and after due consideration thereof, the third-party claim of the third-party plaintiffs Medpartners, Inc. and Medpartners Acquisition Corporation v. the third-party defendants H. Leslie Fowler and Fowler Sports Medicine and Orthopaedics, P.C. is hereby severed under Rule 21 of the Alabama Rules of Civil Procedure, with a separate file, separate filing fee and a separate case number; and same is hereby transferred to the Circuit Court of Tuscaloosa County, Alabama.
 "Except as granted herein, said Motion is otherwise overruled and denied."
 Analysis
It is undisputed that venue is proper in Jefferson County with respect to HealthSouth's complaint against MedPartners. Because venue is proper as to HealthSouth's action, it is also proper as to the third-party action filed by MedPartners against Dr. Fowler and Fowler Sports Medicine. Rule 82(c), Ala.R.Civ.P., provides:
 "Whenever an action has been commenced in a proper county, additional claims and parties may be joined, pursuant to Rules 13, 14, 22, and 24, as ancillary thereto, without regard to whether that county would be a proper venue for an independent action on such claims or against such parties."
This rule allows for "pendent venue," i.e., "the rule that venue being good for one, is good for all." Ex parte Children's Hospital of Alabama,721 So.2d 184, 192 (Ala. 1998) (Lyons, J., concurring in the result).
A third-party action filed pursuant to Rule 14, Ala.R.Civ.P., is one type of ancillary case referred to in Rule 82(c). Ex parte ProgressiveCas. Ins. Co., 533 So.2d 230 (Ala. 1988). Rule 14(a), Ala.R.Civ.P., provides:
 "At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."
MedPartners' third-party complaint alleges that, because of the actions of Dr. Fowler and Fowler Sports Medicine, the termination of the CSA was justified and, *Page 821 
therefore, any damage suffered by HealthSouth in the medical-office-building project gives rise to an indemnity claim in favor of MedPartners against Dr. Fowler and Fowler Sports Medicine. The third-party complaint also sets out additional claims alleging breach of contract, detinue, conversion, and conspiracy that arose out of the sale transaction. Therefore, the third-party action is ancillary to the original action between HealthSouth and MedPartners and Rule 82(c) governs the proper venue of the third-party action. Because venue in Jefferson County is proper as to the original action, venue in Jefferson County is proper as to the third-party action.
While we find that the Jefferson Circuit Court did not abuse its discretion in ordering a severance of the third-party action, a transfer of the third-party action would defeat the purpose of Rule 82(c). Because Rule 82(c) is controlling as to the venue of the properly filed third-party complaint, we need not reach the question whether Jefferson County was a proper venue for an independent action by MedPartners against Dr. Fowler and Fowler Sports Medicine.
The court is aware that after MedPartners filed this petition for the writ of mandamus, Judge Daniel Rogers, Jr., attempted, ex mero motu, to set aside his order transferring the severed case to Tuscaloosa County. At that point, the case had already been transferred to Tuscaloosa County, a case file had been created and a Tuscaloosa County case number assigned, and the Tuscaloosa County circuit judge assigned to the case had entered orders in the case.
Once the transferor court has granted the motion to transfer the case and the file has been sent to, and docketed by, the transferee court, the transferor court cannot then change its mind and vacate or set aside its transfer order or order the case returned. Ex parte Morrow, 66 So.2d 130
(Ala. 1953). Furthermore, the trial judge of the transferee court may not consider a motion to retransfer the case to the county in which it was originally filed. Ex parte Tidwell Indus., Inc., 480 So.2d 1201 (Ala. 1985). The aggrieved party's sole remedy in such a case is a petition for writ of mandamus directed to the transferor court.
 "Where the trial court has improperly ordered a transfer, mandamus against the transferor court is an appropriate remedy, notwithstanding the fact that an order has been entered which moves the case to the transferee court. The transferee court lacks authority to consider a motion to retransfer an action to the county in which it was initially filed. Mandamus to the transferor court is the appropriate avenue for seeking redress of any error in the transfer."
2 Champ Lyons, Jr., Alabama Rules of Civil Procedure Annotated § 82.4, p. 553 (3d ed. 1996) (citations omitted).
The Jefferson Circuit Court waited too late to change its mind; its exmero motu order setting aside its transfer order was a nullity. MedPartners followed the proper procedure in filing a petition for a writ of mandamus directed to the transferor court, the Jefferson Circuit Court. Further, MedPartners has established that it is entitled to the writ because it has established that venue is proper in Jefferson County. We, therefore, grant the petition and direct Judge Daniel Rogers, Jr., to vacate his order transferring to Tuscaloosa County the severed case of MedPartners against Fowler and Fowler Sports Medicine. The case shall be returned to the Jefferson Circuit Court, because Jefferson County is the proper venue for the third-party case. *Page 822 
APPLICATION FOR REHEARING GRANTED; OPINION OF JUNE 29, 2001, WITHDRAWN; OPINION SUBSTITUTED; PETITION GRANTED; WRIT ISSUED.
Moore, C.J., and Houston, See, Lyons, Brown, and Woodall, JJ., concur.
Harwood, J., recuses himself.
[1] MCF, Inc. is a corporate entity owned by Madeline Fowler, Dr. Leslie Fowler's wife.