PITTMAN, Judge.
T.T.W., the father of C.W., a minor child, petitions this court for a writ of mandamus directing the Houston Juvenile Court to rescind its order, entered on September 3, 2004, purporting to vacate its earlier order of July 23, 2004, transferring an action involving the custody of the child to the Dale Circuit Court. We grant the petition and issue the writ of mandamus.
The father’s petition indicates that it involves the same parties as those before the court in a recent decision concerning the parties’ divorce.[1] Our review of that *1019 opinion indicates that the father was divorced from the child’s mother, A.D.W., by a judgment of the Dale Circuit Court entered on April 1, 2003, and modified on May 23, 2003; under that judgment, the mother and the father were awarded joint legal custody of the child, with the mother having primary physical custody and the father having visitation rights. In our previous opinion, this court affirmed that portion of the divorce judgment pertaining to custody. However, after the appeal had been taken from that judgment, the Dale Circuit Court, on September 23, 2003, purported to order that each party would alternate having physical custody of the child for one week at a time. In our previous opinion, we held that the circuit court’s September 23, 2003, order would not support an appeal because it was void.
On June 24, 2004, the Houston County Department of Human Resources (“DHR”) received a report of suspected child abuse regarding the child when she was observed during a pediatric consultation in Dothan to have suffered a skull fracture and a hematoma. DHR filed a dependency petition in the Houston Juvenile Court on June 29, 2004, seeking custody of the child; in its dependency petition, DHR alleged that the child’s parents were unable to discharge their responsibilities, that the child had suffered serious injuries while visiting with the father on two occasions, that the father had refused to cooperate with a safety plan and had failed to undergo drug testing upon DHR’s request, and that DHR should be awarded custody in order to provide protection to the child. The Houston Juvenile Court entered an order on June 29, 2004, awarding temporary custody of the child to DHR, and a guardian ad litem was appointed for the child.
On July 2, 2004, the father filed a motion in which he requested, among other things, that the Houston Juvenile Court dissolve the temporary-custody order and transfer the cause to the Dale Circuit Court on the authority of, among other cases, P.R.G. v. W.P.R., 590 So.2d 913 (Ala.Civ.App.1991), in which this court held that “once a circuit court has acquired jurisdiction over a child pursuant to a divorce and decides the question of custody, that court retains jurisdiction over custody until the child reaches majority” and that, “[a]s a result, the juvenile court no longer has authority to determine custody under the dependency statute.” 590 So.2d at 914; see also Rowe v. Hill, 365 So.2d 1247 (Ala.Civ.App.1979). On July 6, 2004, the Houston Juvenile Court entered an order transferring the child’s legal custody to DHR pending a final hearing, joining the mother and the father as parties to the action, ordering that the father could exercise supervised visitation with the child, and directing the parties to undergo psychological evaluations.
However, the Houston Juvenile Court entered the following order on July 23, 2004: “This Court has temporary emergency jurisdiction. Circuit Court of Dale County has original jurisdiction. Case transferred.” On August 10, 2004, the Dale Circuit Court entered an order on the case action summary sheet of the parents’ divorce case noting the transfer of the action and stating that it would act “on motion of [the] parties.”
On August 20, 2004, the father filed a motion in the Dale Circuit Court requesting that the temporary-custody orders that *1020 had been entered by the Houston Juvenile Court be set aside. The Dale Circuit Court heard arguments by telephone from attorneys for the parents, counsel for DHR, and the child’s guardian ad litem. On August 31, 2004, the Dale Circuit Court entered an order requiring that DHR’s investigation be concluded by September 22, 2004, and finding that the father presented “no risk of intentional injury” and “no abnormal risk of negligent injury” to the child. In addition, the temporary-custody orders of the Houston Juvenile Court were set aside, both parents were directed to continue psychological evaluation and counseling pending the conclusion of DHR’s investigation, and the father was ordered to undergo drug testing.
On September 3, 2004, the child’s guardian ad litem filed in the Houston Juvenile Court a “Motion to Transfer for Lack of Jurisdiction,” alleging that the Dale Circuit Court lacked jurisdiction to enter any orders and that the Houston Juvenile Court should “reassume jurisdiction” of the matter. The Houston Juvenile Court entered an order on September 3, 2004, in which it concluded that it had “transferred jurisdiction in error” and in which it purported to return the child’s custody to DHR pending a hearing.
The father timely petitioned for a writ of mandamus. See Rule 21(a), Ala. R.App. P. (addressing the “presumptively reasonable time” for seeking review by petition for extraordinary writ in an appellate court). This court called for answers and briefs from the parties pursuant to Rule 21(b), Ala. R.App. P. The juvenile-court judge, DHR, and the mother have responded to the petition, and the mother and the father have filed briefs in support of their respective positions.
We find dispositive the father’s contention that the Houston Juvenile Court lost authority to, in effect, “reconsider” its transfer order after the case had been transferred to the Dale Circuit Court. In Ex parte MedPartners, Inc., 820 So.2d 815 (Ala.2001), our Supreme Court considered the efficacy of an order entered by a judge of the Jefferson Circuit Court in which he had “attempted, ex mero motu, to set aside his order transferring the ... case to Tuscaloosa County.” 820 So.2d at 821. The Supreme Court concluded that that trial judge’s “order setting aside [his] transfer order was a nullity,” reasoning that “[o]nce [a] transferor court has granted the motion to transfer the case and the file has been sent to, and docketed by, the transferee court, the transferor court cannot then change its mind and vacate or set aside its transfer order or order the case returned.” Id. In such a case, an aggrieved party’s “sole remedy” is to file “a petition for [a] writ of mandamus directed to the transferor court.” Id.; accord, Ex parte Sawyer, 873 So.2d 166 (Ala.2003).
We conclude that the Houston Juvenile Court did not have jurisdiction to enter its September 3, 2004, order purporting to set aside its July 23, 2004, order transferring the case to the Dale Circuit Court; thus, the Houston Juvenile Court’s September 3, 2004, order is void, and mandamus will lie to compel the vacation of that order. Ex parte K.S.G., 645 So.2d 297, 300 (Ala.Civ. App.1992). The Houston Juvenile Court is directed to vacate its September 3, 2004, order.[2]
*1021 PETITION GRANTED; WRIT OF MANDAMUS ISSUED.
YATES, P.J., and MURDOCK, J., concur.
THOMPSON, J., concurs specially, with writing, which CRAWLEY, J., joins.

. Rule 52, Ala. R.App. P., provides that "[i]n any case involving a juvenile who has been *1019 the subject of a proceeding in the juvenile court system,” such as this case, "the appellate court shall make reasonable efforts to preserve the anonymity of such a person.” In an effort to preserve the anonymity of the child in this case, we have purposely not provided a citation to our previous opinion involving the child's parents’ divorce.

. The father also sought a writ of prohibition; however, our resolution of this case renders moot the father's request for a writ of prohibition. See Ex parte K.S.G., 645 So.2d 297, 300 (Ala.Civ.App.1992) (where writ of mandamus issued to compel juvenile court to vacate void judgment, writ of prohibition was held to be "unnecessary to prohibit further adjudication” of dependency petition by juvenile court).