903 So.2d 813 (2004)
Ex parte CHAPMAN NURSING HOME, INC.
(In re Chapman Nursing Home, Inc.
v.
Cathy Boddie McDonald and James A. Chapman).
1031256.
Supreme Court of Alabama.
December 17, 2004.
*814 Donald R. Jones, Jr., and William R. Pringle of Donald R. Jones, Jr., Attorney at Law, P.C., Montgomery, for petitioner.
David F. Law of John K. Johnson, Attorney at Law, P.C., Rockford, for respondent Cathy Boddie McDonald.
HARWOOD, Justice.
Chapman Nursing Home, Inc. ("Chapman"), petitions this Court for the writ of mandamus ordering the Tallapoosa Circuit Court to vacate its order of April 5, 2004, transferring this case to the Coosa Circuit Court. Because Chapman has demonstrated that the trial court exceeded its discretion and that it has a clear legal right to the relief it requests, we grant the petition and issue the writ.
In March 2003, Chapman terminated the employment of two of its employees, Cathy Boddie McDonald and James A. Chapman. Chapman accused the two employees of conspiring to defraud it of over one million dollars. Specifically, the two employees were accused of cashing checks payable to Chapman and keeping the money.
After her employment was terminated, McDonald filed an administrative action before the Department of Industrial Relations ("the Department") seeking unemployment-compensation benefits. The Department determined that McDonald was *815 entitled to unemployment-compensation benefits. Chapman applied for leave to appeal the Department's decision to the board of appeals; the board subsequently denied its application. Having exhausted its remedies, Chapman filed a notice of appeal in the circuit court in the county of McDonald's residence, which was Coosa County. See Ala.Code 1975, § 25-4-95. An appeal of the determination of the board of appeals is conducted as a trial de novo. § 25-4-95; State Dep't of Corr. v. Harris, 656 So.2d 894, 895 (Ala.Civ.App.1995). That action is still pending in the Coosa Circuit Court.
While its appeal of the Department's decision was pending, Chapman sued both McDonald and James Chapman in the Tallapoosa Circuit Court. The complaint alleged fraud, negligence/wantonness, conspiracy to commit fraud, breach of fiduciary duty, suppression, and civil theft. In response, McDonald filed a motion to dismiss or, in the alternative, to change venue from the Tallapoosa Circuit Court to the Coosa Circuit Court.[1] Her motion contained no legal argument. The Tallapoosa Circuit Court conducted a hearing on the motion for a change of venue, granted the motion, and transferred the action to the Coosa Circuit Court. Chapman then filed this petition for the writ of mandamus directing the Tallapoosa Circuit Court to vacate its order transferring the case.

Standard of Review
"`Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.'"
Ex parte Perfection Siding, Inc., 882 So.2d 307, 309-10 (Ala.2003) (quoting Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995)).
"Once the transferor court has granted the motion to transfer the case and the file has been sent to, and docketed by, the transferee court, the transferor court cannot then change its mind and vacate or set aside its transfer order or order the case returned." Ex parte Med-Partners, Inc., 820 So.2d 815, 821 (Ala.2001). The transferee court, likewise, cannot "retransfer" the case to the county in which it was originally filed. Ex parte Tidwell Indus., Inc., 480 So.2d 1201 (Ala.1985). "The aggrieved party's sole remedy in such a case is a petition for writ of mandamus directed to the transferor court." MedPartners, 820 So.2d at 821.

Analysis
Although McDonald's motion for a change of venue asserted no legal basis for the change, at the hearing conducted by the Tallapoosa Circuit Court McDonald contended that both Ala.Code 1975, § 6-5-440, and Sessions v. Jack Cole Co., 276 Ala. 10, 158 So.2d 652 (1963), justified transferring the case. In its petition, Chapman argues that McDonald wrongly relied on § 6-5-440 and Sessions and that the trial court erred in transferring the case to the Coosa Circuit Court.
Alabama law provides four bases for transferring a case from one venue to another. When a party demonstrates that he or she cannot have a "fair and impartial" trial in the county where venue is proper, the court may move the case to a county free from objection. Ala.Code 1975, § 6-3-20. When venue is improper at the commencement of the action, the defendant may move for a transfer of the *816 case to a proper venue. Ala.Code 1975, § 6-3-21; Rule 82(d)(1), Ala. R. Civ. P. When venue was proper at the commencement of the action but one or more defendants whose presence in the litigation made venue proper are subsequently dismissed, the case can be transferred to a county where venue is proper as to the remaining defendants. Ala.Code 1975, § 6-3-21; Rule 82(d)(2), Ala. R. Civ. P. Finally, either party may move for a change of venue based on the doctrine of forum non conveniens. Ala.Code 1975, § 6-3-21.1
McDonald did not invoke any of these grounds as the basis of her motion to transfer the action to the Coosa Circuit Court. She did not argue that she could not receive a fair and impartial trial in Tallapoosa County, that venue was improper in the Tallapoosa Circuit Court, or that transfer was necessary under the doctrine of forum non conveniens. In fact, it is undisputed that venue is proper for both this action and McDonald's workers' compensation case in the county in which each action was brought. Rather, at a hearing held on her motion, McDonald cited Ala.Code 1975, § 6-5-440, as justifying transfer.
Ala.Code 1975, § 6-5-440, states:
"No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times."
Although § 6-5-440 is manifestly an abatement statute, which either forces a plaintiff to elect between actions if the actions are filed simultaneously or requires the abatement of the later-filed action, this Court has on one occasion used language susceptible of the misunderstanding that § 6-5-440 could authorize a court either to dismiss or to transfer a case.
In Ex parte Parsons & Whittemore Alabama Pine Construction Corp., 658 So.2d 414 (Ala.1995), the petitioner for a writ of mandamus had filed in the Monroe Circuit Court a declaratory-judgment action coupled with a petition for an injunction. The day after the petitioner filed his action, the defendant filed an action in the Jefferson Circuit Court seeking monetary damages. The petitioner then "moved to dismiss the Jefferson County action, or, in the alternative, to transfer it to Monroe County, which [it] claimed was the proper venue." 658 So.2d at 416. The Jefferson Circuit Court denied the motion, and the petitioner sought a writ of mandamus from this Court directing the Jefferson Circuit Court to grant the relief requested in its motion, citing § 6-5-440. 658 So.2d at 416. This Court held both that Jefferson County was not a proper venue and that the Monroe County action was a prior pending action under § 6-5-440, so that "the Jefferson County action is barred." In issuing the writ, this Court directed "the trial judge either to dismiss the Jefferson County action, or, in the alternative, to transfer it to Monroe County." 658 So.2d at 420.
Our phrasing of the order in the alternative should be understood as requiring either a transfer based on the finding of improper venue or a dismissal based on § 6-5-440. We presumably allowed those options, rather than simply ordering a dismissal, because the petitioner had originally sought those alternative remedies in the trial court, and, as noted, we issue the writ of mandamus only to direct the performance of an imperative duty the respondent trial judge has refused to perform.
To the extent that our decision in Ex parte Parsons & Whittemore suggested *817 that § 6-5-440 could, in the alternative, authorize the transfer of a case to another venue, we hereby correct that misapprehension. Today we expressly hold that § 6-5-440 does not authorize a transfer of a case as an option to a dismissal. Sessions v. Jack Cole Co., cited by McDonald as an additional basis for the transfer of Chapman's action to the Coosa Circuit Court, is one of many cases analyzing Ala.Code 1975, § 6-5-440; however, it does not hold that the statute permits such a transfer. Rather, in Sessions we simply upheld a trial court's order abating an action under the statute.

Conclusion
Because the Alabama Legislature has not authorized the transfer of a case to another venue under the color of the abatement statute, and because the trial court purported to transfer Chapman's action pursuant to that very statute, we hold that the trial court erred and that Chapman has demonstrated a clear legal right to the writ of mandamus. Therefore, we direct the Tallapoosa Circuit Court to set aside its order transferring Chapman's action to the Coosa Circuit Court.
PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and HOUSTON, SEE, BROWN, JOHNSTONE, and STUART, JJ., concur.
LYONS, J., concurs specially.
WOODALL, J., concurs in the result.
LYONS, Justice (concurring specially).
I concur fully in the main opinion. I write specially to discuss the issue whether § 6-5-440 applies in this case. That statute provides:
"No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times."
Chapman sought judicial review in the Coosa Circuit Court of a decision of the board of appeals of the Department of Industrial Relations allowing McDonald unemployment-compensation benefits by filing a notice of appeal in the circuit court of the county of McDonald's residence pursuant to Ala.Code 1975, § 25-4-95. Chapman subsequently filed a civil action in the Tallapoosa Circuit Court seeking damages from McDonald and James Chapman arising from the alleged wrongdoing that led to their termination. It is this latter action that was transferred to the Coosa Circuit Court on McDonald's motion and as to which Chapman seeks a writ of mandamus.
We apply the principles of res judicata to determine whether § 6-5-440 applies. Sessions v. Jack Cole Co., 276 Ala. 10, 12-13, 158 So.2d 652, 654-655 (1963). The cause of action is the same for res judicata purposes when the same evidence will support both actions. Equity Res. Mgmt., Inc. v. Vinson, 723 So.2d 634, 636-37 (Ala.1998). We require "substantial identity of parties" in determining the applicability of the bar of res judicata. Ex parte Ford Motor Credit Co., 772 So.2d 437, 440 (Ala.2000). But the identity need only be substantial, not absolute. See Dairyland Ins. Co. v. Jackson, 566 So.2d 723, 725-26 (Ala.1990)("However, the `party identity criterion of res judicata does not require complete identity, but only that the party against whom res judicata is asserted was either a party or in privity with a party to the prior action or that the non-party's interests were adequately represented by a party in the prior suit, and the relationship between the party and non-party is *818 not so attenuated as to violate due process.' Whisman v. Alabama Power Co., 512 So.2d 78, 82 (Ala.1987) (citations omitted)."). Here Chapman and McDonald were adverse to each other in both proceedings and the issue in each proceeding involved the sufficiency of evidence of McDonald's alleged defalcation. Thus res judicata does apply in this case.
While proceedings under § 25-4-95, a part of Alabama's Unemployment Compensation Act, are statutory in origin, I find nothing in the statute creating the remedy of appeal of a determination of the board of appeals of the Department of Industrial Relations that displaces Rule 18(a), Ala. R. Civ. P., Joinder of Claims. When a statute is silent on a procedural matter, the Rules of Civil Procedure fill the void. See In re Anonymous, 720 So.2d 497, 502 (Ala.1998), citing Rule 81(a)(32). Proceedings under § 25-4-95 have been held to be nonjury. See Ex parte Miles, 248 Ala. 386, 27 So.2d 777 (1946), holding that the predecessor to Ala.Code 1975, § 25-4-95, did not allow for the trial by jury of an unemployment-compensation case. Nevertheless, the Rules of Civil Procedure contemplate the resolution of a claim that is triable before a jury in the same proceeding with a nonjury claim. See, e.g., Wootten v. Ivey, 877 So.2d 585, 589 (Ala.2003). For the foregoing reasons, I conclude that § 6-5-440 applies, yet I also concur in the main opinion's rejection of the trial court's application of § 6-5-440 as a basis for the transfer of the case.
NOTES
[1] James Chapman did not join in McDonald's motion.