This proceeding involves a challenge to the retention of jurisdiction by the Shelby Circuit Court over a domestic-relations action in which the custody of a child is at issue.
The exhibits submitted to this court in this mandamus proceeding indicate the following pertinent facts. Reta S. Rich ("the wife") and Robert P. Bayles ("the husband") were married in February 2003. Cheyenne Bayles ("the child") was born to the wife in 1992. The husband apparently asserts that he "receive[d] the child into his home or otherwise openly [held] out the child as his natural child" so as to give rise to a presumption of paternity (see § 26-17-5(a)(4), Ala. Code 1975).
The wife and the husband separated in November 2004. Later that month, the husband sought and obtained an ex parte "protection from abuse" order from the Shelby Circuit Court (seegenerally § 30-5-1 et seq., Ala. Code 1975); that order awarded "temporary custody" of the child to the husband and set the matter for a hearing on December 9, 2004, at which time the cause was continued (and the temporary-custody order was left in effect) because the wife did not appear. The husband thereafter filed a complaint in the Shelby Circuit Court seeking a divorce from the wife. In mid-December 2004, the wife filed in a Louisiana district court a complaint seeking protection from alleged domestic abuse; although the Louisiana court initially entered a protection order, that court subsequently dismissed the wife's action after having been informed of the Shelby Circuit Court's protection-from-abuse order awarding the husband temporary custody of the child. The Shelby Circuit Court then entered orders in February 2005 and in April 2005 reaffirming its earlier protection-from-abuse order containing the temporary-custody determination; the April 2005 order specifically directed that the earlier order would remain "in full force and effect" pending a hearing (which the Shelby Circuit Court envisioned would occur in June 2005).
In July 2005, the wife filed a domestic-relations action against the husband in the Coushatta Tribal Court ("the tribal court"), a court of general jurisdiction located on Indian lands in Louisiana. The tribal court, upon receipt of the wife's complaint, entered an order on July 19, 2005, finding that the wife and the child were members of the Coushatta Tribe of Louisiana and purporting to "take jurisdiction over this Tribal matter" and to award custody of the child to the wife; in that order, the tribal court opined that the Shelby Circuit Court's order awarding temporary custody of the child to the husband had "expired by its own terms." Counsel for the wife then delivered a copy of the tribal court's order to the judge of the Shelby Circuit Court who had been assigned to hear the case after the judges who had previously been assigned to the case (and who had entered the pertinent custody orders) had recused themselves. The successor judge then entered a judgment on July 25, 2005, "recogniz[ing]" the tribal court's order and awarding custody of the child to the wife pending a "final determination" as to custody by the tribal court.[1]
However, within a day after that judgment was entered, the husband filed a motion in the Shelby Circuit Court to vacate *Page 411 
that judgment, and he later filed memoranda of law tending to support his contention that the Shelby Circuit Court had continuing primary jurisdiction to adjudicate the issue of custody of the child; the wife filed memoranda of law tending to support the proposition that the tribal court had exclusive jurisdiction. After a hearing, the Shelby Circuit Court entered an order vacating its July 25, 2005, judgment on the basis that it had "improperly applied the law pertaining to tribal jurisdiction over juvenile matters"; the Shelby Circuit Court specifically declined to recognize and give full faith and credit to the tribal court's orders, opining that the tribal court lacked jurisdiction to decide the domestic-relations issues pending before the Shelby Circuit Court. The wife timely petitioned for a writ of mandamus challenging that order, and this court called for answers to the petition and briefs from the parties.
The wife first argues that the Shelby Circuit Court lacked jurisdiction to vacate its July 25, 2005, judgment purporting to relinquish jurisdiction. However, as this court recently noted in Ex parte C.L.J., 946 So.2d 880, 887 (Ala.Civ.App. 2006), a circuit court's order that transfers jurisdiction over a child-custody matter to a tribal court constitutes a "final judgment" (citing Wilson v. Wilson, 53 Ala. App. 201,205, 298 So.2d 622, 625 (Ala.Civ.App.1973.)). Just as an order dismissing an action based on the doctrine of forum nonconveniens is an appealable final judgment (C.L.J., 946 So.2d at 887 (citing Ex parte FordMotor Credit Co., 772 So.2d 437, 439 (Ala. 2000))), an order dismissing a custody action on the basis that a tribal court has exclusive jurisdiction is also a final judgment. Although a nonfinal order transferring a case from one Alabama circuit court to another Alabama circuit court is reviewable only by a petition for a writ of mandamus after the transferee court has docketed the case (see Ex parte Med-Partners, Inc.,820 So.2d 815, 821 (Ala. 2001)), Rule 59(e), Ala. R. Civ. P., affords limited jurisdiction, as here, to a circuit court allowing that court to alter, amend, or vacate a final judgment of that court terminating all judicial proceedings to be held in the Alabama state court system in a particular case. We thus conclude that MedPartners and Ex parte T.T.W.,899 So.2d 1018 (Ala.Civ.App. 2004), which also involved an order transferring a case from one Alabama court to another, are not on point and that the Shelby Circuit Court, as a procedural matter, acted properly.
The wife also contends that exclusive jurisdiction over the parties' custody dispute was vested in the tribal court. However, under Alabama's version of the Uniform Child Custody Jurisdiction and Enforcement Act ("the UCCJEA"), Ala, Code 1975, § 30-3B-101 et seq., which sets forth the standards under which Alabama courts are to determine whether they may exercise jurisdiction over a child-custody matter involving another "state," our legislature has specifically excluded child-custody adjudications of Indian courts that fall outside the scope of the federal Indian Child Welfare Act ("the ICWA"),25 U.S.C. § 1901 et seq., from the scope of judicial proceedings that mandate abstention under Alabama's UCCJEA (see Ala. Code 1975, § 30-3B-10205) and § 30-3B-104);[2]
indeed, the Alabama Comment to § 30-3B-102 explicitly states that "Alabama has chosen not to apply this act [i.e., the UCCJEA] to tribal adjudications." Thus, as a matter of state law, the Shelby Circuit Court acted properly in retaining *Page 412 
the jurisdiction it had initially exercised over the issue of the child's custody.
Although the wife contends that the Shelby Circuit Court was required to respect the tribal court's judgment underfederal law, she cites no authority in her petition to support her contention other than cases generally recognizing the sovereignty of Indian tribes. If anything, however, federal law supports the Shelby Circuit Court's retention of jurisdiction rather than its relinquishment of that jurisdiction. As the United States Court of Appeals for the Fourth Circuit recognized in In re Larch, 872 F.2d 66,69 (4th Cir.1989), the ICWA "does not confer exclusive jurisdiction on either a tribal court or a state court to award custody of children in a divorce proceeding," i.e., "there can be concurrent jurisdiction in state and tribal courts" over child-custody matters incident to a divorce. Moreover, under the Parental Kidnapping Prevention Act of 1980,28 U.S.C. § 1738A(g), another federal statute, a court of a state or territory of the United States (such as the tribal court) is not to exercise jurisdiction in a custody proceeding that is "commenced during the pendency of a proceeding in a court of another State where such court of that other State is exercising jurisdiction consistently with the provisions of th[at] section to make a custody or visitation determination."See also Larch, 872 F.2d at 68 (tribal courts should abstain from taking jurisdiction over a custody dispute while another state court has jurisdiction). As we have noted, at the time that the tribal court first purported to assume jurisdiction, the Shelby Circuit Court's order awarding temporary custody of the child to the husband was still in effect.
Although the Shelby Circuit Court, upon receipt of the tribal court's July 19, 2005, order, initially wavered in exercising the jurisdiction that it had assumed and entered a judgment under which it would have relinquished jurisdiction, it acted within its discretion, while the cause was still "in the breast of the court" (Birmingham Television Corp. v. DeRamus,502 So.2d 761, 766 (Ala.Civ.App. 1986)), to timely vacate its judgment purporting to relinquish jurisdiction to decide the issue of the child's custody. Moreover, because the Shelby Circuit Court's final judgment relinquishing its jurisdiction remained subject to being vacated during the pendency of the husband's motion to vacate that judgment, the Shelby Circuit Court did not act outside its discretion in determining that the tribal court did not have subject-matter jurisdiction so as to merit the application of comity to the tribal court's proceedings. See MacLeod v. MacLeod, 448 So.2d 361, 362
(Ala.Civ.App. 1983) (emphasizing that comity is notrequired of state courts and that "[w]hether a court will give comity to a foreign court's decisions rests in the judicial discretion of the court where enforcement is sought"), andWilson v. Marchington, 127 F.3d 805, 810 (9th Cir. 1997) (indicating that a tribal court's judgment should not be afforded comity if the tribal court did not have both personal and subject-matter jurisdiction).
For the reasons stated herein, the wife's petition for a writ of mandamus is denied.
PETITION DENIED.
CRAWLEY, P.J., and THOMPSON, MURDOCK, and BRYAN, JJ., concur.
[1] Although the tribal court purported to enter a "consent judgment" on August 9, 2005, awarding the wife primary custody of the child, that judgment was entered after the husband had filed a motion in the Shelby Circuit Court to vacate the July 25, 2005, judgment relinquishing jurisdiction, i.e., while the outcome of the Shelby Circuit Court proceedings was still in doubt.
[2] For its part, the ICWA specifically docs not apply to child placements "based upon . . . an award, in a divorce proceeding, of custody to one of the parents" (25 U.S.C. § 1903(1)). *Page 413