THOMAS, Judge.
Cathy Wells, as personal representative of the estate of her late husband, James Robert Wells, Jr. (“the personal representative”), petitions this court for a writ of mandamus ordering the Jefferson Circuit Court to vacate its September 20, 2012, order transferring the administration of the estate and another, consolidated action initiated by the personal representative against the sisters of James Robert Wells, Jr., Janice Motte and Susan Wells (“the sisters”), arising from the sisters’ failure to provide the estate with its share of proceeds from the sale of items the sisters and James had jointly inherited from their father, to the Blount Circuit Court. We grant the petition and issue the writ.
In April 2010, the Jefferson Probate Court admitted James’s will to probate; Cathy was issued letters testamentary. In July 2011, the administration of the estate was removed to the Jefferson Circuit Court. In early 2012, the sisters sued Cathy in the Blount Circuit Court, seeking a sale for division of certain real property inherited in common by the sisters and James, which real property Cathy had since inherited an interest in from James (the sisters’ action is hereinafter referred to as “the sale-for-division action”). In March 2012, the personal representative sued the sisters in the Jefferson Circuit Court; she sought to recover from the sisters the estate’s share of the proceeds from the sale of certain property that had been inherited in common by the sisters and James from their father on the theories of conversion and money had and received (“the conversion action”). The estate-administration action and the conversion action were consolidated by the Jefferson Circuit Court (the estate-administration action and the conversion action are hereinafter referred to collectively as “the consolidated action”).
The sisters filed an answer to the conversion action, in which they asserted that the conversion action should be transferred to the Blount Circuit Court. The answer specifically stated:
“In the interest of judicial economy, this action is due to be transferred to [the] *712 Blount [Circuit Court] to be consolidated with the [sale-for-division] action pending there which was filed prior to the instant action. [The sisters] assert that venue is more appropriate where the pending action on the real property is being prosecuted (wherein the sisters are Co-Plaintiffs in Blount County CV-12-900029 and Cathy Wells (Personal Representative/Plaintiff in the instant action) is Defendant).”
The sisters also filed a motion to dismiss or, in the alternative, to change venue. In that motion, among other things, the sisters requested that the conversion action be transferred to the Blount Circuit Court
“for consolidation with the pending [sale-for-division] action between the parties (CV-12-900029) which was filed prior to the instant action and for the [estate] to petition for the re-opening of the Estate of James Robert Wells, Sr. (Probate Case No.2003-148) in order to challenge the effectiveness of the waiver executed by James Robert Wells, Jr. Blount County is where the original estate was administered, where the personal property at issue was located, where the real property suit is pending and is an appropriate forum for the instant action to be heard (after consolidation).”
The personal representative opposed the motion to dismiss or, in the alternative, to change venue. She specifically argued in response to the request to change venue that venue of the conversion action was proper in Jefferson County under Ala. Code 1975, § 6-3-2, and that no basis for a transfer of the conversion action existed.
On September 20, 2012, the Jefferson Circuit Court entered a lengthy order in which it denied the motion to dismiss but granted the motion to change venue of the consolidated action to the Blount Circuit Court. In that order, the Jefferson Circuit Court analyzed whether, under Rule 42, Ala. R. Civ. P., the conversion action and the sale-for-division action pending in the Blount Circuit Court should be consolidated. In the order, the court specifically noted that the two actions involved the disposition of property from the estate of the sisters and James’s father and that the two actions involved some of same facts and same parties. Based on its analysis under Rule 42, the Jefferson Circuit Court transferred the consolidated action to the Blount Circuit Court. The personal representative filed a motion seeking reconsideration of the September 20, 2012, order, but she also timely filed this petition for the writ of mandamus with this court.
As a preliminary matter, we note that the personal representative has filed a motion to dismiss this petition. On December 7, 2012, the Jefferson Circuit Court purported to enter an order setting aside the September 20, 2012, order transferring the consolidated action to the Blount Circuit Court. The personal representative indicates in her motion that the relief she requested has been granted to her by virtue of the December 7, 2012, order. The sisters have notified this court that they will not file an answer because, they say, the issue raised in this petition is now moot. We disagree.
 Based on the caselaw concerning transfers of actions, the December 7, 2012, order purporting to set aside the September 20, 2012, order transferring the consolidated action to the Blount Circuit Court is a nullity. Ex parte MedPartners, 820 So.2d 815, 821 (Ala.2001). Once an action has been transferred by the transferor court and docketed by the transferee court, the only means of seeking to have the transfer set aside is a petition for a writ of mandamus. Ex parte MedPart-ners, 820 So.2d at 821. The transferor court lacks jurisdiction to set aside its *713 transfer order, and the transferee court cannot entertain a motion seeking to have the action transferred back to the transfer- or court. Ex parte MedPartners, 820 So.2d at 821. Thus, because the Jefferson Circuit Court lacked jurisdiction to set aside its September 20, 2012, order transferring the consolidated action, we decline to dismiss the petition.
Turning now to the merits of the petition, we note that
“ ‘[a] petition for the writ of mandamus is the appropriate means by which to challenge a trial court’s order regarding a change of venue. Ex parte Sawyer, 892 So.2d 898, 901 (Ala.2004). The writ of mandamus is an extraordinary remedy; it will not be issued unless the petitioner shows “ ‘ “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” ’ ” Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala.2000) (quoting Ex parte Gates, 675 So.2d 371, 374 (Ala.1996)); Ex parte Pfizer, Inc., 746 So.2d 960, 962 (Ala.1999).’ ”
Ex parte Vest, 68 So.3d 881, 884 (Ala.Civ.App.2011) (quoting Ex parte Children’s Hosp. of Alabama, 931 So.2d 1, 5-6 (Ala.2005)).
As the personal representative points out, § 6-3-2 governs what is the appropriate venue for actions against individuals. That statute reads:
“(a) In proceedings of a legal nature against individuals:
“(1) All actions for the recovery of land, of the possession thereof or for a trespass thereto must be commenced in the county where the land or a material part thereof lies.
“(2) All actions on contracts, except as may be otherwise provided, must be commenced in the county in which the defendant or one of the defendants resides if such defendant has within the state a permanent residence.
“(3) All other personal actions, if the defendant or one of the defendants has within the state a permanent residence, may be commenced in the county of such residence or in the county in which the act or omission complained of may have been done or may have occurred.
“(b) In proceedings of an equitable nature against individuals:
“(1) All actions where real estate is the subject matter of the action, whether it is the exclusive subject matter of the action or not, must be commenced in the county where the same or a material portion thereof is situated.
“(2) If the action is to enjoin proceedings on judgments in other courts, it may be commenced in the county in which such proceedings are pending or judgment entered.
“(3) Except as may be otherwise provided, actions must be commenced in the county in which the defendant or a material defendant resides.
“(4) In the case of nonresidents, actions must be commenced in the county where the subject of the action or any portion of the same was when the claim arose or the act on which the action is founded was to be performed.”
Pursuant to § 6-3-2, venue of both the conversion claim and the money-had-and-received claim asserted in the conversion action was proper in Jefferson County, which is the county where the sisters reside and which is, according to *714 the personal representative, “the county in which the act or omission complained of may have been done or may have occurred.” [1] We do not have an answer from the sisters, but, based on a review of then-pleadings, they never claimed that venue was not proper in Jefferson County. Section 6-3-2 does not provide a basis for venue in Blount County of either the conversion claim or the money-had-and-received claim asserted in the conversion action.
 “[F]orum non conveniens, under [Ala.Code 1975,] § 6-3-21.1(a)[,] is the only doctrine by which an action can be transferred when venue is proper in the county in which the action is filed.” Ex parte State ex rel. C.M., 828 So.2d 291, 294 (Ala.2002). Based on the materials and the information before this court, we cannot conclude that the Jefferson Circuit Court based its order transferring the conversion action on § 6-3-21.1(a), the forum non conveniens statute. Although the December 7, 2012, order is a nullity, we find compelling the Jefferson Circuit Court’s statement in that order that the sisters had not provided sufficient evidence of a need to transfer the consolidated action under the forum non conveniens statute. Based on that statement, a review of the pleadings filed by the sisters, and the September 20, 2012, order, we conclude that the Jefferson Circuit Court transferred the consolidated action because it was persuaded that consolidation of the conversion action and the sale-for-division action was desirable, which is not a proper basis for a transferring an action. Because the Jefferson Circuit Court did not have a proper basis for transferring the consolidated action, that court is directed to vacate its September 20, 2012, order transferring that action to the Blount Circuit Court.
PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.

. We note that " 'uncontroverted averments of fact stated in an answer should be taken as true.’ ” Ex parte Turner, 840 So.2d 132, 134 (Ala.2002) (quoting Ex parte Sharpe, 513 So.2d 609, 610 (Ala. 1987)). The personal representative contends that the conversion and money-had-and-received claims asserted in the conversion action arose when the sis-fers, through their attorney, refused Cathy’s demand for a share of the proceeds from the sale of inherited property in which James had an interest. The refusal, the personal representative claims, occurred in Jefferson County, where the sisters reside and where their attorney maintains an office.