BRYAN, Justice.
Bay Area Physicians for Women (“BAPW”) petitions for a writ of mandamus directing the Baldwin Circuit Court to vacate an order entered by that court on November 8, 2012, reinstating a medical-malpractice case filed against BAPW and transferring the case to the Mobile Circuit Court.
On November 1, 2012, Michelle White filed a complaint in the Baldwin Circuit Court seeking damages from BAPW and several fictitiously named defendants under the Alabama Medical Liability Act, § 6-5-540 et seq., Ala.Code 1975. Although the complaint was filed in the Baldwin Circuit Court, the heading of the complaint stated: “IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA.” Also, in the body of the com *744 plaint, White alleged that BAPW was located in Mobile County, that the events giving rise to the action had occurred in Mobile County, that venue was proper in Mobile County, and that the Mobile Circuit Court had jurisdiction of the action. On November 8, 2012, Baldwin Circuit Court Judge Langford Floyd entered an order dismissing White’s complaint without prejudice because it was “[f]iled in [the] wrong county.”
Later on November 8, White filed in the Baldwin Circuit Court a motion to reinstate the complaint and then to transfer the case to the Mobile Circuit Court, alleging (1) that her legal counsel accidentally filed the complaint in Baldwin County, (2) that the Baldwin Circuit Court did have subject-matter jurisdiction and in person-am jurisdiction of the case, (3) that BAPW had not filed a motion to dismiss the action, (4) that the statute of limitations on her claim had run since the case had been filed in the Baldwin Circuit Court, (5) that she would be prejudiced if the case were not reinstated, and (6) that “the issue” could be cured by reinstating the ease and transferring the case to the Mobile Circuit Court, pursuant to Rule 82(d)(1), Ala. R. Civ. P. On November 8, 2012, the Baldwin Circuit Court granted White’s motion, reinstated her case, and then transferred the case to the Mobile Circuit Court.
Five months later, on April 8, 2018, BAPW filed a motion in the Baldwin Circuit Court, seeking the dismissal of White’s case and asking the Baldwin Circuit Court to vacate its November 8, 2012, order reinstating the case and transferring the case to the Mobile Circuit Court.[1] BAPW argued that the Baldwin Circuit Court could not reinstate the case and transfer it to the Mobile Circuit Court because it did not have in personam jurisdiction over BAPW at the time the November 8, 2012, order was entered because White had not perfected service of process upon BAPW at that time. Thus, BAPW argued, the order was void and due to be vacated. As an alternative form of relief, BAPW asked the Baldwin Circuit Court to dismiss the case, without prejudice, pursuant to Rule 4(b), Ala. R. Civ. P., because White had failed to perfect service on BAPW within 120 days after filing the complaint.[2] On May 2, 2013, the Baldwin Circuit Court denied BAPW’s motion, and BAPW filed this petition for a writ of mandamus on June 13, 2013.
In its petition for a writ of mandamus, BAPW asks this Court to order the Baldwin Circuit Court (1) to vacate its May 2, 2013, order, in which the Baldwin Circuit Court denied BAPW’s motion to vacate the November 8, 2012, order and dismiss the case and (2) to vacate the November 8, 2012, order reinstating the case and transferring it to the Mobile Circuit Court.
“ ‘ “Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” ’
“Ex parte Perfection Siding, Inc., 882 So.2d 307, 309-10 (Ala.2003) (quoting Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995)).”
Ex parte Chapman Nursing Home, Inc., 903 So.2d 813, 815 (Ala.2004).
*745 The threshold question that must be decided in this case is whether BAPW’s petition is timely. Rule 21(a)(3), Ala. R.App. P., governs the time for filing mandamus petitions. It provides, in pertinent part:
“The petition [for a writ of mandamus] shall be filed within a reasonable time. The presumptively reasonable time for filing a petition seeking review of an order of a trial court ... shall be the same as the time for taking an appeal. If a petition is filed outside this presumptively reasonable time, it shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time.”
BAPWs petition was filed within 42 days of the Baldwin Circuit Court’s May 2, 2013, order denying BAPWs motion to vacate its November 8, 2012, order and to dismiss White’s claim; thus, insofar as its petition challenges the May 2, 2013, order, it is timely. As noted above, in its motion, BAPW sought an order from the Baldwin Circuit Court vacating that court’s November 8, 2012, order reinstating White’s case and transferring the case to the Mobile Circuit Court. However, the Baldwin Circuit Court did not have authority to grant BAPW the relief it requested. In Ex parte Chapman Nursing Home, this Court explained:
“ ‘Once the transferor court has granted the motion to transfer the case and the file has been sent to, and docketed by, the transferee court, the transferor court cannot then change its mind and vacate or set aside its transfer order or order the case returned.’ Ex parte MedPartners, Inc., 820 So.2d 815, 821 (Ala.2001). The transferee court, likewise, cannot ‘retransfer’ the case to the county in which it was originally filed. Ex parte Tidwell Indus., Inc., 480 So.2d 1201 (Ala.1985). ‘The aggrieved party’s sole remedy in such a case is a petition for writ of mandamus directed to the transferor court.’ MedPartners, 820 So.2d at 821.”
903 So.2d at 815 (emphasis added).
Thus, in response to BAPWs April 8, 2013, motion, the Baldwin Circuit Court could not have “change[d] its mind” about transferring the case and vacated the November 8, 2012, transfer order.[3] Thus, to the extent that BAPW requests a writ of mandamus ordering the Baldwin Circuit Court to vacate its May 2, 2013, order, we conclude that the Baldwin Circuit Court did not have authority to grant BAPW the relief it requested in that motion and, thus, that BAPW does not have a clear legal right to the relief it sought. Accordingly, BAPW’s petition for a writ of mandamus is due to be denied as to that relief.
Regarding that part of BAPW’s petition challenging the November 8, 2012, order, and requesting this Court to order the Baldwin Circuit Court to vacate that order, we conclude that BAPWs petition is untimely and must be dismissed. Pursuant to Ex parte Chapman Nursing Home, BAPWs “sole remedy” for relief from the Baldwin Circuit Court’s November 8, 2012, order reinstating the case and transferring it to Mobile Circuit Court was to file a petition for a writ of mandamus directed to the Baldwin Circuit Court.[4] Such a peti *746 tion should have been filed within 42 days of the Baldwin Circuit Court’s November 8, 2012, order. See Rule 21(a)(3). No petition was filed in that time. Instead, BAPW waited more than five months before seeking relief from the Baldwin Circuit Court’s order in that court.
It is possible that BAPW’s delay was because service of process had not been perfected and BAPW was unaware of the entry of the November 8, 2012, order until April 2013. Even if that were the case, however, the proper procedure for seeking review of the Baldwin Circuit Court’s November 8, 2012, order was to immediately petition this Court for a writ of mandamus directed to the Baldwin Circuit Court and to include in that petition “a statement of circumstances constituting good cause for [this Court] to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time.” Rule 21(a)(3). This Court has held that such a statement is mandatory if the petition is filed beyond the presumptively reasonable time. See Ex parte Troutman Sanders, LLP, 866 So.2d 547, 549 (Ala.2003).
BAPW did not include in its petition a statement of circumstances constituting good cause for this Court to consider its petition seeking to vacate the November 8, 2012, order, notwithstanding that it was filed more than seven months after the Baldwin Circuit Court entered the November 8, 2012, order. Accordingly, insofar as BAPW’s petition for a writ of mandamus seeks vacatur of the Baldwin Circuit Court’s November 8, 2012, order, it is due to be dismissed as untimely filed.
PETITION DISMISSED IN PART AND DENIED IN PART.
MOORE, C.J., and BOLIN, MURDOCK, and MAIN, JJ., concur.

. The motion states that BAPW appeared "exclusively for the purpose of challenging sufficiency of process and service of process.”

. The materials attached to BAPW’s petition indicate that the complaint was served on BAPW on April 12, 2013, approximately four days after BAPW had filed its motion to vacate or, in the alternative, to dismiss.

. Included in the exhibits attached to BAPW's petition is the "Alabama SJIS Case Detail,” which indicates that the Mobile Circuit Court received and docketed the transferred case on November 13, 2012.

. The mandamus petition is directed to the transferor court, even though the case is no longer pending in the transferor court. As Justice Lyons explained in his treatise Alabama Rules of Civil Procedure:
*746 " 'Where the trial court has improperly ordered a transfer, mandamus against the transferor court is an appropriate remedy, notwithstanding the fact that an order has been entered which moves the case to the transferee court. The transferee court lacks authority to consider a motion to retransfer an action to the county in which it was initially filed. Mandamus to the transferor court is the appropriate avenue for seeking redress of any error in the transfer.'
"2 Champ Lyons, Jr., Alabama Rules of Civil Procedure Annotated § 82.4, p. 553 (3d ed. 1996) (citations omitted).”
Ex parte MedPartners, Inc., 820 So.2d 815, 821 (Ala.2001).