In 1990, five years after Susan Blue Clark, the mother, and John Edward Clark, the father, were divorced, the mother petitioned the juvenile court to terminate the father's parental rights and to have their daughter's surname changed to the mother's maiden name, Blue. The daughter was about five years old at the time. Although the juvenile court refused to terminate the father's parental rights, it did grant the name change requested by the mother.
In 1995, when the daughter was 10 years old, the father petitioned the circuit court, which had divorced the parties, to change his daughter's surname back to Clark. The circuit court granted the father's petition. The mother moved for a new trial, and the circuit court denied the motion. The mother appeals.
The mother contends that the circuit court did not have jurisdiction to grant the father's petition requesting that the daughter's surname be changed back to Clark. She also argues that there was no evidence to show that changing the daughter's name back to Clark was in the best interest of the child.
Our research has revealed no Alabama statute or case law that gives a trial court the authority to change a child's name under the facts of this case. In this case, the parents were married when the child was born; the child had the father's name; and then, after divorcing, the parents, apparently out of spite, tried to change the child's name from one parent's last name to the other's. The mother asserts that § 26-11-3, Ala. Code 1975, provides the authority for the procedural guidelines to be applied in this case. However, that statute deals only with a father's right to petition the probate court for a name change for his child after there has been a declaration of legitimation. *Page 1052 
This court declines to stretch § 26-11-3 to the point that it allows a court to change a minor's name at the whim of a parent, especially in cases like this one, in which the motive for wanting the name change appears to be nothing more than spite. Section 26-11-3 does not apply in this case, and we have found no other authority that would allow either the juvenile court or the circuit court to change the child's name. Therefore, neither court had subject matter jurisdiction. SeeGreco v. Thyssen Mining Construction, Inc., 500 So.2d 1143
(Ala.Civ.App. 1986).
This court has a duty to notice ex mero motu the absence of subject matter jurisdiction. Ex parte Smith, 438 So.2d 766, 768
(Ala. 1983). The trial court's lack of subject matter jurisdiction cannot be waived and may be raised at any time, either by the suggestion of a party or by a court ex mero motu. Greco, 500 So.2d at 1146; Leathers v. Gover, 4:47 So.2d 810 (Ala.Civ.App. 1984).
"A judgment is void if the court that rendered it lacked jurisdiction over the subject matter or over the parties."Bieber v. Bieber, 623 So.2d 1163, 1165 (Ala.Civ.App. 1992), cert. quashed, 623 So.2d 1167 (Ala. 1993). Because the juvenile court and the circuit court both lacked subject matter jurisdiction, the judgment of each court is void. The child's surname is still Clark.
Because a void judgment will not support an appeal, seeStamps v. Jefferson County Board of Education, 642 So.2d 941
(Ala. 1994), the appeal is dismissed.
APPEAL DISMISSED.
YATES, J., concurs.
ROBERTSON, P.J., concurs in the result.
THIGPEN and CRAWLEY, JJ., dissent.