Kathy Sawyer and Phillip Boyd, defendants in a civil action filed by Candace Lambert, as administratrix of the estate of Marguerite Hicks, deceased, petition this Court for a writ of mandamus directing the Montgomery Circuit Court ("the trial court") to vacate the order it entered on December 4, 2002, purporting to return the action to the Montgomery Circuit Court after it had transferred it to the Baldwin Circuit Court. We grant the petition and issue the writ. *Page 167 
In two motions, Sawyer and Boyd sought an order transferring this action to the Mobile Circuit Court. On August 26, 2002, the trial court ordered, in pertinent part, that this action be transferred to the Baldwin Circuit Court. On September 3, 2002, Lambert filed a "motion to reconsider," asking the trial court to "reconsider its previous ruling, vacate it and enter a new order denying Defendants' Motion to Transfer Venue." Alternatively, Lambert requested that "[i]f the court does not overturn its previous decision, . . . the court [should] transfer the case to Mobile County, as the Defendants requested, instead of Baldwin County."
The case was docketed in the Baldwin Circuit Court on September 6, 2002. On September 26, 2002, Sawyer and Boyd filed a written response to Lambert's motion to reconsider, arguing, in part, that the trial court, "having already transferred this case to the Circuit Court of Baldwin County, . . . now lacks jurisdiction to entertain [Lambert's] motion to reconsider." After a hearing on December 4, 2002, the trial court, on that same date, entered an order granting Lambert's motion to reconsider and ordering that the action "is transferred to Montgomery County."
Sawyer and Boyd argue that the trial court had no authority to enter its December 4, 2002, order, returning the case to the Montgomery Circuit Court. We agree. This Court summarized the relevant legal principles inEx parte MedPartners, Inc., 820 So.2d 815, 821 (Ala. 2001):
 "Once the transferor court has granted the motion to transfer the case and the file has been sent to, and docketed by, the transferee court, the transferor court cannot then change its mind and vacate or set aside its transfer order or order the case returned. Ex parte Morrow, 259 Ala. 250, 66 So.2d 130 (1953). Furthermore, the trial judge of the transferee court may not consider a motion to retransfer the case to the county in which it was originally filed. Ex parte Tidwell Indus., Inc., 480 So.2d 1201 (Ala. 1985). The aggrieved party's sole remedy in such a case is a petition for writ of mandamus directed to the transferor court.
 "'Where the trial court has improperly ordered a transfer, mandamus against the transferor court is an appropriate remedy, notwithstanding the fact that an order has been entered which moves the case to the transferee court. The transferee court lacks authority to consider a motion to retransfer an action to the county in which it was initially filed. Mandamus to the transferor court is the appropriate avenue for seeking redress of any error in the transfer.'
 "2 Champ Lyons, Jr., Alabama Rules of Civil Procedure Annotated § 82.4, p. 553 (3d ed. 1996) (citations omitted)."
As previously noted, the Baldwin Circuit Court, the transferee court, docketed this case on September 6, 2002. Thereafter, the Baldwin County circuit judge assigned to the case entered orders in the case. Therefore, Lambert's "sole remedy [was] a petition for writ of mandamus directed to the transferor court." The trial court's December 4, 2002, order purporting to order the case returned to the Montgomery Circuit Court was a nullity and must be vacated.
PETITION GRANTED; WRIT ISSUED.
HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.
MOORE, C.J., concurs in the result. *Page 168