On Application for Rehearing

PER CURIAM.
This Court’s opinion of May 9, 2014, is withdrawn, and the following is substituted therefor.
Keone Kaukawele Fuqua (“the father”) filed a petition in the Mobile Probate Court asking that court to allow him to change the legal name of his daughter from Lyvia Grace Russell to Lyvia Grace Russell-Fuqua. Megan Marie Russell (“the mother”) opposed the petition, and she appeals from a probate court order granting the relief requested by the father. For the reasons explained below, we conclude that the probate court had no subject-matter jurisdiction over the parties’ name-change dispute, and we therefore vacate the order and dismiss the appeal.

Facts and Procedural History

The mother and the father were married but did not reside in the same home when *1226 Lyvia Grace (“the child”) was born in April 2010. It is undisputed that the father is the biological father of the child. It is also undisputed that, when the mother provided information for the child’s birth certifí-cate, she refused to provide the name of the child’s father and did not include the father’s surname as part of the child’s name.
At some point after the child’s birth, the father filed a complaint in the Mobile Circuit Court for a divorce. In January 2011, the circuit court entered a judgment granting the father’s complaint. As to the child, the divorce judgment awarded the mother custody, awarded the father visitation, and required the father to pay child support. The circuit court’s divorce judgment also stated “that the [mother] is ordered to add the [father’s] name to the child’s ... birth certificate as the father.” Further, the divorce judgment states “that the Court retains jurisdiction in this cause for purpose of making such other or future orders or decrees as to the custody, support and maintenance of the minor child as the Court may deem necessary or as changed conditions require.”
The mother prepared the documents necessary to add the father’s name to the birth certificate, but the father refused to sign the documents because he believed that by signing the documents he was agreeing that the child’s legal name would be “Lyvia Grace Russell.” Thereafter, the father filed in the probate court the petition to change the child’s name. As noted above, the mother objected. Also, we note that there was no dispute between the father and the mother as to the child’s legitimacy and that the father’s petition to change the child’s name did not purport to seek legitimation of the child.
After an ore tenus proceeding, the probate court entered an order that states:
“The [mother] and [the father] have an acrimonious relationship with each other. The testimony presented to the Court reflects that the [mother’s] parents (with whom the [mother] and the [child] reside) also have a poor relationship with the [father].
“The [father] is current on payments of child support due since ... the Judgment of Divorce. The [father] exercises his visitation rights vis-á-vis the [child].
[[Image here]]
“... The [father] by action and words seems sincere in having a parental-child relationship with the [child]. The [mother’s] demeanor while testifying before the Court calls into question the reliability of [her] testimony and her desire to promote the best interests of the [child].
[[Image here]]
“Ala.Code 1975, § 26-11-2, provides that the father of a bastard child may seek to legitimate it and render the child capable of inheriting the father’s estate. This statute further provides that after notice is properly served upon the mother of the child, the Court shall conduct a hearing at which all interested parties may present evidence for determination of whether legitimation is in the best interest of the child.
“It is undisputed that the [father] is the father of the [child] and [the circuit judge] in the Domestic Relations Case has entered a final, non-appealable order determining the [father] to be the father of the [child].
“Based upon the evidence presented in this cause,1 it is obviously in the [child’s] best interests for the Court to permit the- [father] to legitimate the [child] and facilitate the [child’s] being capable of inheriting the [father’s] estate.
[[Image here]]
*1227 “[The father’s] petition is based upon Ala.Code 1975, § 26-11-3. This statute provides that after notice is properly-served upon the mother of the child, the Court shall conduct a hearing at which all interested parties may present evidence for determination of whether the requested name change is in the best interest of the child.
"1 Rule 15 of the Alabama Rules of Civil Procedure provides that when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.”
(Emphasis added.) The probate court’s order also states in a footnote that § 26-11-3, Ala.Code 1975,
“is the only provision in the Code of Alabama 1975 that facilitates a child’s name being changed in an Alabama probate court by the father of the child. Ala.Code 1975, § 12-13-1(b)(10), assigns Alabama probate courts with jurisdiction to change the name of an adult person residing in the jurisdiction of said Alabama probate court. This statute has no application in the instant cause.”
(Emphasis added.)
After reviewing the testimony presented by the parties, the order concludes “that the best interests of the [child] are served with the [child’s] surname being ‘Russell-Fuqua.’ ” It then states:
“1. The Motion For Name Change filed by the [father] is GRANTED IN PART AS PROVIDED HEREIN. The [mother’s] objection thereto is DENIED.'
“2. The [father] is DETERMINED to be the father of the [child].
“3. .The surname of the [child] shall be Russell-Fuqua and the full name of the [child] is Lyvia Grace Russell-Fuqua.
“4.' Within 60 days-from the date of this Order, the [mother] and [the father] shall execute all appropriate documentation required by the Alabama Center For Health Statistics-Vital Records of the Alabama Department of Public Health to facilitate an amended 'birth certificate being issued for the [child] consistent with this Order.”
(Capitalization in original.) The mother appeals from the probate court’s order.

Analysis

Although the parties, have not raised the issue of subject-matter jurisdiction, such jurisdiction cannot be waived by the parties and may be raised by this Court ex mero motu. See Ex parte Smith, 438 So.2d 766, 768 (Ala.1983); see also, e.g., Blevins v. Hillwood Office Ctr. Owners’ Ass’n, 51 So.3d 317, 322 (Ala.2010). We review the issue of subject-matter jurisdiction de novo. Solomon v. Liberty Nat'l Life Ins. Co., 953 So.2d 1211, 1218 (Ala.2006).
The jurisdiction of our probate courts “ ‘is limited to the matters submitted to [them] by statute.’” AltaPointe Health Sys., Inc. v. Davis, 90 So.3d 139, 154 (Ala.2012) (quoting Wallace v. State, 507 So.2d 466, 468 (Ala.1987)). Section 12-13-1(b)(10), Ala.Code 1975, provides:
“(b) The probate court shall have original and general jurisdiction over the following matters:
[[Image here]]
“(10) The change of the name of any person residing in their county, upon his filing a declaration in writing, signed by him, stating the name by which he is known and the name to which he wishes it to be changed.”
*1228 (Emphasis added.) 'Thus, the legislature has given the probate courts' jurisdiction over actions in which a “person” files a “declaration” that the statute says is “his filing,” that is “signed by him,”, and that requests a change of his own name to a name. to which “he wishes” it to be changed. What is at issue in the present case, however, is whether the probate court has jurisdiction over an action in which one. .person, the-father, attempts to change the name - of another person, his child. Section 12—13—(b)(10) has no application to such an action.[1]
Nor did the probate court have jurisdiction to order a change of name under chapter 11 of Title 26 of the Code of Alabama 1975. That chapter governs so-called legitimation proceedings, i.e., actions in which a father seeks to legitimate an illegitimate child as his own. Section 26-11-3, Ala.Code 1975, provides, in part:
“(a) The father ipay petition at the time of filing the declaration of legitimation or at any time , subsequent to the determination of legitimation to change the name of such child, stating in his declaration the name it is then known by and the name he wishes it afterwards to have —■”
As the probate court itself explained, chapter Í1 of Titlfe 26 concerns efforts by “the father of a bastard child ... to legitimate it.”
In addition to the fact that § 26-11-3 is part of the chapter in the Code governing legitimation proceedings, it specifically states that the petition for a name change is to be filed “at the time of filing the declaration of legitimation” or “subsequent to the determination of legitimation.” “[Tjhe determination of legitimation” clearly refers to a ruling in the legitimation action. Thus, the probate court’s jurisdiction to entertain a petition to change a child’s name under § 26-11-3 derives from that' court’s jurisdiction over legitimation actions. It is undisputed that the father’s petition was not filed as part of a legitimation proceeding.
Section. 26-11-3(a) is an affirmative grant of subject-matter jurisdiction to the probate court when the circumstances described in that Code section are met; that section does nothing to deprive the circuit court of its general equity jurisdiction and, specifically, its jurisdiction over matters within the realm of custody disputes between two parents. As Judge Crawley explained in discussing § 26-11-3(a) in his dissenting opinion in Clark v. Clark, 682 So.2d 1051 (Ala.Civ.App.1996) (plurality opinion):[2]
“By acting to settle the dispute between the parents about their child’s name, the circuit court simply acted with the appropriate goal of promoting the child’s *1229 best interest. Since the change of. a child’s name is a matter affecting the child and within the realm of matters in respect to the custody of the child, that subject is encompassed in the circuit court’s equity jurisdiction and within its .jurisdiction under § 30—3—1[, Ala.Code 1975].”
682 So.2d at 1054-55 (Crawley, J., dissenting). See also 682 So.2d at 1052 (Thigpen, J., dissenting to like effect and discussing the breadth of the. circuit court’s equity jurisdiction as to. custody of children and the issues relating thereto).
Because the probate court lacked jurisdiction in this ease, its judgment is void. See Johnson v. Hetzel, 100 So.3d 1056, 1057 (Ala.2012) (holding that the failure to satisfy a jurisdictional prerequisite renders a judgment void).[3] A void judgment will -not support an appeal. Id. It is this Court’s obligation to vacate such a judgment and dismiss the appeal. Ex parte Alabama Dep’t of Human Res., 999 So.2d 891, 898 (Ala.2008).

Conclusion

Based on the foregoing, the probate court’s- order is hereby vacated and the appeal dismissed.
APPLICATION GRANTED; OPINION OF MAY 9, 2014, WITHDRAWN; OPINION SUBSTITUTED; JUDGMENT VACATED; APPEAL DISMISSED.
MOORE, C.J., and STUART, BOLIN, PARKER, MURDOCK, SHAW, MAIN, WISE, and BRYAN,'JJ., concur.

. Clearly, the language of § 12—13—1(b) (10) provides for the filing of an action by an adult to change his or her own name. That said, we note that the statute makes reference to the filing of a declaration by a “person,’’ a term that in itself is not limited to adults. See Ala.Code 1975, § 1—1—1(1) (explaining that the term “person” includes a “natural person”). Compare, e.g., Mack v. Carmack, 79 So.3d 597 (Ala.2011) (holding that the term "person” applies even to a child' in útero). For purposes, of this case, we may assume, without deciding, that this statute also .gives jurisdiction to a probate court over a petition and declaration for change of a'minor’s name filed on behalf of a minor by the minor's next friend, see Rule 17, Ala. R. Civ. P., provided that the petition does not implicate custodial issues falling within the jurisdiction of the circuit court. ‘ This- is not the circumstance presented in the present case.

. The lead opinion in Clark, concurred in by only one judge other than its author, wrongly construed § 26-11-3(a) as providing that the probate court has jurisdiction to the exclusion of the circuit court over petitions to change the names of minors. 682 So.2d at 1052.

. The father may still file a petition seeking a change of the child’s name with the circuit court, which, as noted in the divorce judgment, has retained jurisdiction as to matters involving the custody of the child.