PITTMAN, Judge.
This mandamus petition arises from domestic-relations litigation involving C.P. ("the mother") and E.L. ("the father"), who are the parents of E.N.L.P., a child born in September 2016 ("the child"). On June 16, 2017, the mother filed a petition in the Houston Circuit Court, pursuant to Ala. Code 1975, § 30-5-1 et seq., seeking protection from alleged threats of physical abuse on the part of the father ("the protection-from-abuse action"); the mother averred that she was a resident of Houston County who had relocated from Lee County, the county of the father's residence. Three days later, the father filed in the Lee Circuit Court[1] a complaint seeking, among other things, the establishment of his paternity of the child and an award of physical custody of the child ("the paternity action"); the paternity action was docketed as case no. DR-17-900211. The mother filed a motion requesting that the paternity action be transferred to the Houston Circuit Court, noting that she was nine months' pregnant with her sixth child and that she had to care for her five other children, which included the child; she asserted an inability to obtain transportation, and pointed out the pendency of the protection-from-abuse action in the Houston Circuit Court. On July 19, 2017, the Lee Circuit Court entered an order transferring the paternity action to the Houston Circuit Court ("the July 19, 2017, transfer order"), and the Houston Circuit Court docketed the paternity action as case no. DR-17-900233.
Under the holdings of our supreme court, " '[o]nce the transferor court has granted [a] motion to transfer the case and the file has been sent to, and docketed by, the transferee court, the transferor court cannot then change its mind and vacate or set aside its transfer order or order the case returned,' " nor may " 'the trial judge of the transferee court ... consider a motion to retransfer the case to the county in which it was originally filed' "; instead, " '[t]he aggrieved party's sole remedy in such a case is a petition for [a] writ of mandamus directed to the transferor court.' " Ex parte Sawyer, 873 So.2d 166, 167 (Ala. 2003) (quoting Ex parte MedPartners, Inc., 820 So.2d 815, 821 (Ala. 2001) ). This court did not receive any mandamus petition from the father seeking review of the July 19, 2017, transfer order, and the presumptively reasonable time for seeking such relief expired on August 30, 2017, 42 days after the entry of that order. See Rules 4(a)(1) and 21(a)(3), Ala. R. App. P., regarding the presumptively reasonable time for seeking review by way of a petition for an extraordinary writ from a circuit court's nonfinal order.
*403 Rather than file a petition in this court for a writ of mandamus directed to the Lee Circuit Court, the father instead filed in the Lee Circuit Court, on July 20, 2017, a motion seeking reconsideration of the July 19, 2017, transfer order in the paternity action. On August 4, 2017, the Lee Circuit Court purported to grant the father's motion and to set aside the transfer order, but it averred that "the transfer ha[d] been completed and may require a motion to transfer" to be filed with the Houston Circuit Court. The father then filed a motion in the Houston Circuit Court, seeking transfer of the paternity action back to Lee County, and, on August 7, 2017, the Houston Circuit Court purported to grant the father's motion and to transfer the paternity action back to the Lee Circuit Court. The Lee Circuit Court has since purported to enter orders directing genetic testing of the parties and the mother's newborn infant child and scheduling a pendente lite hearing.
In this mandamus proceeding, the mother challenges the authority of the Lee Circuit Court to enter any orders after the entry of the July 19, 2017, transfer order (including, notably, its August 4, 2017, order purporting to set aside the transfer order), as well as the authority of the Houston Circuit Court to enter its August 7, 2017, order purporting to transfer the paternity action back to the Lee Circuit Court. The mother's petition, filed on September 6, 2017, was filed within a presumptively reasonable time for seeking review of those two orders, i.e., within 42 days of the entry of those orders. See Rules 21(a)(3) and 4(a)(1), Ala. R. App. P.
On the authority of Ex parte Sawyer and Ex parte MedPartners, Inc., supra, we conclude that the mother has demonstrated a clear right to the relief she has sought. Further, to the extent that the father's response to the mother's mandamus petition can be interpreted as seeking a writ of mandamus compelling the Lee Circuit Court to set aside the July 19, 2017, transfer order, notwithstanding his failure to file a mandamus petition within the presumptively reasonable time challenging the propriety of that order and his pursuit of the very forms of relief that are foreclosed by Ex parte Sawyer and Ex parte MedPartners, Inc., we would simply note that "there is no mechanism in Rule 21 that would allow a respondent to file a 'cross-petition' after the expiration of the presumptively reasonable time for seeking review by a petition for an extraordinary writ." Ex parte Siemag, Inc., 53 So.3d 974, 977 (Ala. Civ. App. 2010).
The mother's petition for the writ of mandamus is granted, and the Lee Circuit Court is directed to set aside all orders entered in the paternity action after the entry of the July 19, 2017, transfer order; also, the Houston Circuit Court is directed to set aside its order of August 7, 2017, purporting to transfer the paternity action back to the Lee Circuit Court. The father's request for an award of an attorney's fee in connection with this mandamus proceeding is denied.
PETITION GRANTED; WRIT ISSUED.
Thompson, P.J., and Thomas, Moore, and Donaldson, JJ., concur.

Circuit courts in Alabama have concurrent jurisdiction with juvenile courts to adjudicate paternity. See Brock v. Herd, 187 So.3d 1161, 1163-64 (Ala. Civ. App. 2015) (citing, among other authorities, Ala. Code 1975, § 26-17-104 ).