Rel: April 21, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

————————————————

## CL-2022-0617

————————————————

## Ex parte D.C.H.

## PETITION FOR WRIT OF MANDAMUS

## (In re: J.D.

## v.

## E.C.H. and D.C.H.)

## (Madison Circuit Court, DR-20-305.80)

HANSON, Judge.

D.C.H. ("the father") petitions this court for a writ of mandamus directing the Madison Circuit Court ("the circuit court") to vacate its March 23, 2022, order bifurcating the consolidated trials of the adoption

and grandparent-visitation claims in this case and retransferring D.P.D.'s ("the husband") adoption petitions to the probate court.

Facts and Procedural History

This is the second time that the grandparent visitation issues and the petitions for adoption involving these parties have been before this court. J.D. v. D.P.D., 348 So. 3d 423 (Ala. Civ. App. 2021). A recitation of the facts and procedural history underlying the petitions is necessary.

The father and E.D. ("the mother") are the natural parents of S.H., born in 2011, and E.H., born in 2013 ("the children"). In 2016, the mother and father divorced in Virginia following the father's arrest for and conviction of crimes related to the sexual abuse of several minor victims (not including the children). The father was sentenced to 50 years in prison. The Virginia divorce judgment ("the Virginia judgment") awarded sole legal and physical custody of the children to the mother, but it also incorporated an agreement that awarded visitation rights to the father's mother, J.D. ("the grandmother"), who had intervened in and been made a party to the Virginia divorce action. In 2018, the mother married D.P.D. ("the husband"), and the mother, the husband, and the children have resided in Alabama since that time. On November 4, 2019,

the husband filed petitions in the Madison Probate Court ("the probate court") seeking to adopt the children. In his petitions, the husband alleged that the father had impliedly consented to the adoptions by virtue of his criminal conviction and the resulting 50-year prison sentence. The husband's petitions also recognized the grandmother's visitation rights with the children but requested limitation of the grandmother's continued visitation and of her communication with the children following the adoptions.

The father was served with notice in the federal penitentiary where he is incarcerated, and the grandmother was served in Ohio where she resides. On December 16, 2019, the father, pro se, answered the petition, stating that he was contesting the adoption petitions. The grandmother filed an answer and requested a hearing. The probate court set a hearing on the husband's adoption petitions for June 30, 2020. The father claimed that he filed a motion to appear via "Video Teleconference" in February 2020; however, that motion was not in the record in the previous appeal. On June 9, 2020, the father filed a "motion for a ruling" on his request to appear via "video teleconference." J.D. v. D.P.D., 348

So. 3d at 427. No ruling on any motion filed by the father was included in the record.

On June 22, 2020, the grandmother initiated an action in the circuit court against the mother seeking to formally register the Virginia judgment pursuant to § 30-3B-305, Ala. Code 1975, and to enforce and/or modify the visitation rights granted in the Virginia judgment. That same day, the grandmother filed in the probate court a "petition to enforce" her visitation rights as provided in the Virginia judgment. On June 29, 2020, the husband filed a motion to dismiss the grandmother's "petition to enforce."

On June 30, 2020, the probate court held a contested hearing on the husband's adoption petitions and entertained arguments on the husband's motion to dismiss the grandmother's "petition to enforce." The grandmother appeared via videoconferencing software, and her counsel appeared personally at the hearing. There is no transcript from the probate court's hearing. The grandmother, however, contends that she was not permitted to testify at the hearing and that, following oral arguments as to whether her "petition to enforce" was procedurally proper, the probate court ruled from the bench that it was not proper;

4

invited the grandmother's counsel to leave the hearing; and disconnected the grandmother from the videoconferencing broadcast of that hearing. J.D. v. D.P.D., 348 So. 3d at 428. It appears that the mother and the husband thereafter testified in support of the husband's adoption petitions. The father did not appear for the hearing and was not represented by counsel at the hearing.

On June 30, 2020, the probate court issued judgments in the adoption proceedings granting the husband's petitions to adopt the children, and it also dismissed the grandmother's "petition to enforce" her visitation rights with the children. Regarding the grandmother's "petition to enforce," the probate court issued the following order:

> "'This cause came to be heard on a purported Petition to Enforce [a] Judgment ... filed by the ... grandmother; [the husband's] motion to dismiss same; and the ... grandmother's response to [the husband's] Motion to Dismiss. Said hearing was held on June 30, 2020. [The husband] was physically present along with his attorney of record; the ... grandmother was present via Zoom also with her attorney of record who was physically present. Upon consideration of said petitions, motion and response as well as the arguments of counsel ore tenus, this Honorable Court does hereby Order, Adjudge and Decree as follows:
>
> > "'1. [The husband's] Motion to Dismiss the Petition to Enforce [the] Judgment ... is, hereby, granted.

"'2. The ... grandmother was not properly before this Court.

"'3. The ... grandmother's petition and amended petition were not timely filed.

"'4. The ... grandmother failed to state a claim upon which relief could be granted.

"'5. As such, both the Petition to Enforce ... and Amended Petition to Enforce [the] Judgment ... are dismissed."

J.D. v. D.P.D., 348 So. 3d at 428.

Regarding the husband's petitions to adopt the children, the probate court entered identical judgments granting the husband's petitions, making the following findings:

"All contests have been resolved in favor of [the husband]. The court is satisfied from clear and convincing evidence that the ... father impliedly consented to [these] adoption[s] by failing to provide the adoptee[s] with any financial support in almost six (6) years; and failing to communicate with the adoptee[s] in any manner in almost three (3) years such that he knowingly and voluntarily left the adoptee[s] with others without provision for support and without communication, and failed and refused to maintain a significant parental relationship with the adoptee[s] for a period of at least three (3) years. The court is satisfied from clear and convincing evidence the best interest of the adoptee[s] will be served by granting the petition[s] to adopt: said evidence including, in part, that the adoptee[s'] biological father will not be released from prison until the adoptee[s are] ... adult[s]; that the adoptee[s have] been in the actual physical custody of [the husband] since June of 2018; that the

... mother has consented to [the] adoption[s] both in writing and in the presence of this Honorable Court; that [the husband] is suitable to be the parent[ ] of [the] adoptee[s] and has acted in that capacity for the past two (2) years, developing a significant parental relationship with the adoptee[s]; that the adoptee[s have] thrived in [the husband]'s care; and that [the] adoption[s] by [the husband are] proper."

J.D. v. D.P.D., 348 So. 3d at 429.

The probate court also awarded a monetary judgment, pursuant to § 26-10A-24(i), Ala. Code 1975, in favor of the husband and against the father in the amount of $6,033.65, representing the legal costs, including attorney's fees, allegedly expended by the husband in responding to the father's adoption contest.

The father, through new counsel, and the grandmother each filed postjudgment motions in the probate court. The postjudgment motions were denied by operation of law, and both the grandmother and father filed timely notices of appeal from the probate court's judgments.

On August 11, 2020, the mother moved the circuit court to dismiss the grandmother's action in that court on the ground that the circuit court lacked subject-matter jurisdiction. Specifically, the mother argued that, under § 30-3-4.2(j), Ala. Code 1975, the "probate court's orders of adoption [had] superseded the [Virginia judgment's] custody and

7

visitation provisions, rendering them null and void," and that the probate court had exclusive jurisdiction over postadoption grandparent-visitation rights pursuant to § 26-10A-30, Ala. Code 1975. J.D. v. D.P.D., 348 So. 3d at 429. In support of the motion to dismiss, the mother submitted copies of the adoption judgments entered by the probate court. The mother also moved for an award of attorney's fees. On August 25, 2020, the circuit court entered a final judgment summarily dismissing the grandmother's action and awarding the mother an attorney's fee in the amount of $2,740. The grandmother timely appealed from the circuit court's judgment to this court.

Regarding the father's appeals from the judgments of the probate court granting the husband's petitions to adopt the children, this court held that the judgments were void because they had been entered in a manner inconsistent with due process. J.D. v. D.P.D., 348 So. 3d at 431-32. We noted that the probate court hearing had been conducted during the COVID-19 pandemic and that, in response to the pandemic, our supreme court had issued administrative orders encouraging telephone and videoconferencing as a complete substitute for in-person court proceedings. We held that, in light of our supreme court's orders

8

authorizing and encouraging alternate methods by which a party could participate and testify at trial, the probate court's failure to consider the father's motion to testify by means of videoconferencing technology pursuant to the administrative orders of our supreme court was erroneous and was inconsistent with due process. See McConico v. Culliver, 872 So. 2d 872, 875 (Ala. Civ. App. 2003) (holding that a court denies an inmate "equal access to the courts" when it dismisses his or her claims based on a failure to appear "when that inmate has filed appropriate motions to proceed with the litigation"); Feagin v. Stokes, 837 So. 2d 857, 860 (Ala. Civ. App. 2002) (reversing judgment dismissing prisoner's civil action when trial court failed to consider prisoner's request to testify via written deposition and noting that such failure "effectively thwarted [the prisoner] from following the 'proper course' specifically laid out by our Supreme Court for prisoners who need to present evidence on their own behalf in order to prosecute their civil claims"). J.D. v. D.P.D., 348 So. 3d at 431-32. Our conclusion was bolstered by the fact that, despite having failed to act on one or more motions requesting leave for the father to appear virtually via videoconferencing technology, the probate court had permitted the

9

grandmother to appear virtually at the hearing. Accordingly, we concluded that the adoption judgments were entered in a manner inconsistent with due process and were, therefore, void. We dismissed the father's appeals with instructions that the probate court set aside the adoption judgments and conduct further proceedings consistent with our opinion and that the probate court specifically address any motions filed by the father seeking leave to participate in, and to testify at, any trial held by the probate court as to the husband's adoption petitions.[1]

Regarding the grandmother's appeal from the circuit court's judgment, this court concluded that the circuit court's judgment dismissing her action seeking enforcement or modification of an existing visitation award arising out of the Virginia judgment was in error. The circuit court had subject-matter jurisdiction to consider the

---

[1]In J.D. v. D.P.D., 348 So. 3d 423 (Ala. Civ. App. 202), we recognized that the specific relief requested by the father in the probate court -- that he be permitted to appear and testify at trial via videoconferencing technology -- may no longer be an available method for offering live trial testimony. Nevertheless, we concluded that, to the extent that remote appearance by the father via telephone or videoconferencing technology may no longer constitute an available or practical means for receiving the father's testimony, fairness requires that the father be permitted to request that his testimony be provided by way of oral or written deposition as provided by Rules 30 and 31, Ala. R. Civ. P., or by other alternative means. 348 So. 3d at 433.

grandmother's request to modify and enforce the Virginia judgment under the Uniform Child Custody Jurisdiction Enforcement Act ("UCCJEA"), § 30-3B-101 et seq., Ala. Code 1975, because the children's home state is Alabama, where they and the mother have resided since 2018, and no parent of the children or person acting as a parent continues to live in Virginia. J.D. v. D.P.D., 348 So. 3d at 436.

Finally, in J.D., we held that the probate court's judgments dismissing the grandmother's "petition to enforce" that she filed in that court should be reversed. This court concluded that the grandmother was a proper party to the stepparent adoption petitions filed by the husband because the grandmother, pursuant to the Virginia judgment, had visitation rights as to the children. Also, the husband had named the grandmother as a party and sought relief concerning her visitation rights. This court determined that the grandmother's claims seeking enforcement of the Virginia judgment were cognizable in probate court because, pursuant to § 26-10A-30, the probate court had jurisdiction to grant or maintain grandparent-visitation rights when a child is adopted by a stepparent or another suitably close relative, and the adoption petitions in these cases included an express claim requesting a more

11

limited award of visitation to the grandmother than what was set forth in the Virginia judgment.

On September 15, 2021, this court entered certificates of judgment in the five consolidated appeals addressed in J.D. See 348 So. 3d at 423. On remand, the circuit court had before it the grandmother's action seeking to enforce visitation awarded in the Virginia judgment (case number DR-20-305), and the probate court had before it the husband's adoption petitions (cases numbers 8325-A and 8326-A). On November 30, 2021, the grandmother filed a motion in the probate court seeking to transfer the adoption petitions to the circuit court, pursuant to § 26-10A-21, Ala. Code 1975, and to have them consolidated with her action seeking to enforce visitation. On December 20, 2021, the probate court signed an order transferring the adoption petitions to the circuit court. However, the probate court's order was filed in the Madison Juvenile Court on December 28, 2021, and the adoption petitions were given juvenile-court case numbers. On December 29, 2021, the juvenile court entered an order noting that the probate court had ordered that the adoption petitions be transferred to the circuit court. The juvenile court's order stated that "there is currently pending before the circuit court case

12

number [DR-20-305] involving the same parties and it appears to this Court to be filed on the same issues as are presented in this present case. Therefore, this cause is to be consolidated with case number [DR-20-305]."

On March 18, 2022, the husband filed, in the circuit court, a "Motion to Bifurcate and Transfer Adoption Proceedings to Probate Court. The husband argued that the adoption petitions should be retransferred to the probate court. He argued that adoption proceedings are "primarily cognizable" in probate court, citing § 12-12-35, Ala. Code 1975. The husband argued that § 26-10A-21 is inapplicable here as it allows for a discretionary transfer from a probate court to a circuit court when a dispute is pending in another court involving the custody of a child, and, he argues, the circuit court in this case has before it an issue of grandparent visitation. The husband stated, in pertinent part:

> "8. Custody of children is a matter of common law. Grandparent visitation which is what is at issue here - is not. 'The right of grandparent visitation did not exist at common law but was instead created by legislative act.' Sanders v. Wright, 772 So. 2d 470, 471 (Ala. Civ. App. 2000), quoting C.Y. v. C.L., 726 So. 2d 733, 734 (Ala. Civ. App. 1999). Ex parte R.D., [313 So. 3d 1119 (Ala. Civ. App. 2020)]. The rights of grandparents to visit are exclusively dependent upon statutory law. As such, they must be treated differently than

the custody rights of natural parents. See Ex parte D.W., 8[3]5 So. 2d [186] at 191 [(Ala. 2002)].

"9. The adoptees' mother was awarded full custody of them years ago. No one is now challenging that award of custody.

"10. Alabama law directs that these cases be bifurcated and tried separately. It also provides that the adoption proceedings be heard prior to the visitation-issue trial:

"'Subject to certain exceptions, a claim setting an award of grandparent visitation is generally to be brought in the circuit court. §30-3-4.2 [Ala. Code 1975]. One of those exceptions is the grant of jurisdiction to the probate court to resolve claims for grandparent visitation when the child at issue has been adopted by a [stepparent]. As our supreme court observed when discussing another statute granting jurisdiction over a matter to the probate court, the statute at issue here, §30-3-4.2(i), 'is an affirmative grant of subject-matter jurisdiction to the probate court when the circumstances described in that Code section are met.'"

"Ex parte R.D., 313 So. 3d 1119 (Ala. Civ. App. 2020), quoting Russell v. Fuqua, 176 So. 3d 1224 (Ala. 2015). ...

"11. While the Alabama Court of Civil Appeals finding in R.D., supra, allows for both cases to be transferred back to the probate court should this Honorable Court deem that appropriate, it requires the adoption decision be made first: the disposition of the adoption case dictates whether or not a justiciable claim for grandparent visitation even exists.

"12. As such, by its very nature, the issue of the adoptees' adoption by their stepfather is best decided first in

14

the probate court, separate and apart from the visitation issue.

> "13. Proceeding with these adoptions, post haste, is in the children's best interests; [The grandmother] does not contest the adoptions; [The husband] is the only father the adoptee-children know; [the father] is in prison for the sexual predation of young girls; and [the father] is unable to be either a safe or available father to the adoptee-children as he will be incarcerated until they are in their forties (40s).

> "14. Further delay of their adoptions only harms the adoptees. As one example, the adoptees have no right to inherit from the estate of their stepfather -- a fully-employed person earning an income and realizing benefits -- until they are adopted by him. In the meantime, they have the right to inherit from Defendant who has no estate and cannot accrue one due to his incarceration."

On March 23, 2022, the circuit court purported to grant the motion and retransfer the adoption petitions to the probate court. On April 7, 2022, the grandmother filed a motion to vacate the order retransferring the adoptions to the probate court. She argued that she was not afforded a hearing on the matter nor was she given time to respond, as required by Rule 6, Ala. R. Civ. P., before the motion was granted. The grandmother also asserted that the husband had misrepresented the facts, caselaw, and statutes in his motion. She argued that this court's opinion in J.D. v. D.P.D. clearly states that the Virginia judgment awarding her grandparent visitation "is a 'child-custody determination'

15

as defined by the Uniform Child Custody Jurisdiction and Enforcement Act ('UCCJEA'), § 30-3B-101 et seq., Ala. Code 1975, and that pursuant to the UCCJEA, such a judgment 'must be recognized and enforced by Alabama courts.'  See G.P. v. A.A.K., 841 So. 2d 1252, 1255 (Ala. Civ. App. 2002)." J.D., 348 So. 3d at 434.   She argued that the circuit court has the authority under § 26-10A-21, Ala. Code 1975, to address both the adoption petitions and the visitation issues.  The grandmother further argued that the husband's arguments that the Alabama Grandparent Visitation Act, § 30-3-4.2, Ala. Code 1975, or Ex parte R.D., 313 So. 3d 1119 (Ala. Civ. App. 2020), are controlling contradicts the law of the case as set out in J.D. v. D.P.D., wherein this court held that the provisions of the Alabama Grandparent Visitation Act did not apply to the Virginia judgment.

On April 8, 2022, the father filed a motion opposing bifurcation, arguing that there is no law requiring the adoption to be heard first and that it would be better if one judge heard all the relevant issues involving the children. On April 11, 2022, the circuit court denied the grandmother's motion. On April 22, 2022, the father filed a notice of appeal.  On October 14, 2022, this court entered an order treating the

16

father's appeal as a timely filed petition for writ of a mandamus. See <u>Ex parte Montgomery Cnty. Dep't of Hum. Res.</u>, 291 So. 3d 1193 (Ala. Civ. App. 2019) (holding that an appellate court may elect to treat an appeal from an interlocutory order as a petition for a writ of mandamus), and <u>Ex parte K.R.</u>, 210 So. 3d 1106 (Ala. 2018) (holding that lack of subject-matter jurisdiction may be raised at any time, even in an otherwise untimely mandamus petition). On November 16, 2022, this court ordered the filing of answers and briefs.

<u>Standard of Review</u>

"'The standard governing our review of an issue presented in a petition for the writ of mandamus is well established:

"'"[M]andamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court."'

"<u>Ex parte Cupps</u>, 782 So. 2d 772, 774-75 (Ala. 2000) (quoting <u>Ex parte Edgar</u>, 543 So. 2d 682, 684 (Ala. 1989))."

17

Ex parte Webber, 157 So. 3d 887, 891 (Ala. 2014). A petition for writ of a mandamus is an appropriate procedural vehicle to challenge an erroneous transfer. Ex parte C.P., 253 So. 3d 401 (Ala. Civ. App. 2017).

Discussion

The father argues that the circuit court erred in retransferring the adoption proceedings to the probate court. The husband argues that the circuit court had the discretionary authority under Rule 21, Ala. R. Civ. P., to retransfer the adoptions to the probate court.[2]

Before we can address the circuit court's order purporting to retransfer the adoption petitions to probate court, we must address the probate court's order signed and dated December 20, 2021. That order was entered based on the grandmother's motion to transfer the adoption petitions to the circuit court pursuant to § 26-10A-21, which allows for the transfer of an adoption proceeding to be consolidated with a custody proceeding pending in any court in this state. As this court noted in the

_____

[2]Rule 21, Ala. R. Civ. P., provides: "Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately."

18

previous appeal, the Virginia judgment awarding the grandmother visitation was a custody proceeding under the UCCJEA:

> "[T]he grandmother's visitation rights were created and defined in a final judgment entered by a Virginia trial court. There is no dispute that the Virginia trial court had jurisdiction to enter that judgment, and, as explained above, that judgment is therefore entitled to full faith and credit under federal law and the UCCJEA. See, e.g., § 30-3B-303(a), Ala. Code 1975 ('A court of this state shall recognize and enforce a child custody determination of a court of another state [with jurisdiction to enter such an award].'); 28 U.S.C. § 1738A(a) ('The appropriate authorities of every State shall enforce according to its terms ... any custody determination or visitation determination made consistently with the provisions of this section by a court of another State.'); art. IV, § 1, United States Constitution (requiring that states give full faith and credit to judicial proceedings of other states)."

J.D. v. D.P.D., 348 So. 3d at 435.

The grandmother's motion to transfer and consolidate the adoption petitions with the visitation proceeding pending in the circuit court was based on § 26-10A-21, and the probate court's order clearly states that the adoption petitions were being transferred to the circuit court. However, the probate court's order was inadvertently directed to the juvenile court. The juvenile court, recognizing that the probate court intended for the adoption petitions to be transferred to the circuit court, transferred the adoption petitions to the circuit court, and the

19

inadvertent transit of the adoption petitions through the juvenile court did not divest the circuit court of jurisdiction over the transferred cases.

Adoption petitions are within the original jurisdiction of the probate court. It is well established that once an adoption petition is filed in the probate court, there are four statutory provisions allowing for transfer of either the entire proceeding or a specified part thereof to another court: § 12-12-35, Ala. Code 1975; § 26-10A-21, Ala. Code 1975; § 26-10A-3, Ala. Code 1975; and § 26-10A-24, Ala. Code 1975.

Section 12-12-35, which predates the Alabama Adoption Code, § 26-10A-1 et seq., Ala. Code 1975, but was not affected by it, allows a party to an adoption proceeding to initiate a transfer. The decision as to whether to grant or deny the transfer is within the discretion of the probate court. If the motion to transfer is granted, the entire adoption proceeding is transferred to the juvenile court. See C.Z. v. B.G., 278 So. 3d 1273 (Ala. Civ. App. 2018) (explaining that transfer to juvenile court under § 12-12-35 is within the discretion of the probate court even though the juvenile court has jurisdiction over cases involving the Alabama Uniform Parentage Act, § 26-17-101 et seq., Ala. Code 1975); R.L. v. J.E.R., 69 So. 3d 898 (Ala. Civ. App. 2011) (holding that the juvenile

court's judgment granting the adoption was void since no party to the adoption had filed a motion to transfer under § 12-12-35 and the probate court transferred the case to juvenile court for the limited purpose of addressing termination of the mother's parental rights).

Section 26-10A-21 provides that upon a motion made by a party or upon the probate court's own motion, the probate court may stay an adoption proceeding while a custody action is pending in another court. See J.B. v. F.B., 929 So. 2d 1023 (Ala. Civ. App. 2005) (holding that the probate court had abused its discretion when it failed to stay the adoption proceedings until the Missouri court had made a determination of the child's home state and the probate court's subsequent grant of the adoption petition was void). Under § 26-10A-21, an adoption proceeding may be transferred and consolidated with a custody proceeding in any court in this state. See Ex parte A.M.P., 997 So. 2d 1008 (Ala. 2008) (transfer and consolidation of an adoption with a pending custody proceeding is discretionary).

Section 26-10A-24 provides for a limited transfer of a contested adoption. Upon request of a party, the court may transfer the "contested adoption proceeding" to the juvenile court. Alabama Dep't of Human

21

Res. v. B.V., 59 So. 3d 700 (Ala. Civ. App. 2010) (holding that simply because a probate court may transfer a contested adoption to juvenile court does not mean that it <u>must</u> do so). If the juvenile court denies the contest, the case is remanded to the probate court for a continuation of the adoption proceeding. If the juvenile court upholds the contest, the case is remanded to the probate court for dismissal or denial of the adoption.

Section 26-10A-3 provides for a transfer of an adoption proceeding to a juvenile court for the limited purpose of determining whether the parental rights of a nonconsenting parent should be terminated. See <u>Ex parte C.L.C.</u>, 897 So. 2d 234 (Ala. 2004) (holding that the probate court kept exclusive jurisdiction over the issue of whether to grant or deny the petition to adopt when the probate court transferred the case to juvenile court for the limited purpose of addressing termination of parental rights).

In this case, the probate court's order transferring the adoption petitions to the circuit court was inadvertently filed in the juvenile court. The inadvertent filing in juvenile court was a ministerial error. Cf. <u>Oliver v. Shealey</u>, 67 So. 3d 73 (Ala. 2011) (holding that when a notice of

appeal is filed in the wrong appellate court, the court to which the appeal has been wrongly taken shall treat the designation as a clerical mistake). The grandmother sought a transfer under § 26-10A-21; the probate court ordered that the adoption petitions be transferred to the circuit court; and the juvenile court recognized the error when the case was misfiled in that court. Although a juvenile court may entertain an adoption proceeding under § 26-10A-21 if a custody proceeding is pending in that court, in this case, the visitation proceedings were pending in the domestic relations division of the circuit court. The juvenile court's transfer of the adoption petitions to the circuit court was proper. See Ex parte N.G., 321 So. 3d 655, 659 (Ala. 2020) ("Promoting judicial economy, § 12-11-11 allows courts lacking subject-matter jurisdiction to transfer claims to an appropriate court within the same county rather than dismissing those claims to the detriment of the parties. Under § 12-11-11, courts within the same county have the authority to transfer cases both 'horizontally' to courts of like jurisdiction and 'vertically' to 'lower' and 'higher' courts."); Ex parte E.S., 205 So. 3d 1245, 1249 (Ala. 2015) (holding that a petition to set aside an adoption based on fraud upon the court that had been mistakenly filed in the Walker Circuit Court should

not have been dismissed for lack of subject matter jurisdiction but should have been transferred to Walker Probate Court in accordance with § 12-11-11).

We now turn to the issue of whether the circuit court erred in retransferring the adoption petitions to the probate court. We find the reasoning in Ex parte C.P., 253 So. 3d 401 (Ala. 2017), to be persuasive and fully applicable here. In Ex parte C.P., the mother commenced a protection-from-abuse action in the Houston Circuit Court. Three days later, the father commenced a paternity action in the Lee Circuit Court. The mother filed in the Lee Circuit Court a motion to transfer the paternity action to the Houston Circuit Court. The Lee Circuit Court granted the motion and transferred the paternity action to the Houston Circuit Court, where the case was docketed. The father then filed a motion in the Lee Circuit Court seeking reconsideration of the transfer order, which the Lee Circuit Court purported to grant. He also filed a motion in the Houston Circuit Court seeking transfer of the paternity action back to the Lee Circuit Court. The Houston Circuit Court purported to grant the father's motion. This court, citing Ex parte Sawyer, 873 So. 2d 166, 167 (Ala. 2003), and Ex parte MedPartners, Inc.,

24

820 So. 2d 815, 821 (Ala. 2001), held that once the transferor court (the Lee Circuit Court) had granted the motion to transfer the case and the file had been sent to, and docketed by, the transferee court (the Houston Circuit Court), the transferor court could not then change its mind and vacate or set aside its transfer order or order the case returned, nor could the judge of the transferee court consider a motion to retransfer the case to the county in which it was originally filed. An aggrieved party's sole remedy in such a case is a petition for a writ of mandamus directed to the transferor court. This court ordered the Lee Circuit Court to set aside all orders entered in the paternity action after the entry of the transfer order and ordered the Houston Circuit Court to set aside its order purporting to transfer the paternity action back to the Lee Circuit Court.

> "Once the transferor court has granted the motion to transfer the case and the file has been sent to, and docketed by, the transferee court, the transferor court cannot then change its mind and vacate or set aside its transfer order or order the case returned. Ex parte Morrow, 259 Ala. 250, 66 So. 2d 130 (1953). Furthermore, the trial judge of the transferee court may not consider a motion to retransfer the case to the county in which it was originally filed. Ex parte Tidwell Indus., Inc., 480 So. 2d 1201 (Ala.1985). The aggrieved party's sole remedy in such a case is a petition for writ of mandamus directed to the transferor court."

Ex parte MedPartners, Inc., 820 So. 2d 815, 821 (Ala. 2001).

In the present case, the circuit court erred in retransferring the adoption petitions to the probate court. Section 26-10A-21, which allowed the probate court to transfer the adoption petitions to the circuit court where the visitation proceedings were pending, does not provide for a "retransfer" of an action. That is, the discretionary transfer of the adoption proceeding to another court in this state under § 26-10A-21 only goes one way. Based on Ex parte C.P., the circuit court could not consider the husband's motion to retransfer the case to the probate court where it was originally filed.[3] Accordingly, the father's petition for a writ of mandamus is granted and the circuit court is directed to set aside its order retransferring the adoption petitions to the probate court.

PETITION GRANTED;  WRIT ISSUED.

Moore, Edwards, and Fridy, JJ., concur.

Thompson, P.J., concurs in the result, without opinion.

---

[3]We note that the husband's motion to retransfer the adoption petitions contradicted the law of the case set out in J.D. v. D.P.D.  Also, although the husband argues on appeal that Rule 21, Ala. R. Civ. P., allows for such a transfer, Rule 21 generally applies to misjoinder or non-joinder of parties, not claims, and should be considered in pari materia with Rules 18, 19, and 20, Ala. R. Civ. P.